**Velma BELL, Appellant,**

v.

**Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.**

**No. 91–1749.**

United States Court of Veterans Appeals.

July 21, 1992.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

## ORDER

PER CURIAM.

This matter is before the Court for resolution of a dispute as to the content of the record on appeal.

On February 25, 1992, appellant counter designated the record on appeal. On April 15, 1992, counsel for the Secretary of Veterans Affairs (Secretary) notified the Court of a dispute between the parties concerning the content of the record. On April 28, 1992, appellant moved that the Court order the Secretary to show cause why counter designated items 1, 4, 7, and 9 were not made part of the veteran's claims file. Appellant alleges these documents were generated by the Department of Veterans Affairs (VA) either in the revision of the deceased veteran's death certificate or as part of the claims process. Appellant did not state whether she personally proffered the records to the Board of Veterans' Appeals (BVA or Board). Rather, she apparently believed the records should have been kept by the VA in the normal course of business.

On May 4, 1992, the Court ordered the Secretary to advise whether the four disputed items were contained in the record of proceedings before the BVA and, if not, whether they were available to the BVA as part of any records maintained by the VA. On June 5, 1992, the Secretary responded to the Court's order.

The Secretary states that, after re-reviewing the claims file in the instant matter, the four disputed items were not found. In addition, the Secretary states that the claims file contains the only information relating to this appeal that was available to the BVA. This statement is supported by an affidavit from the Special Assistant for Litigation Support to the Chairman of the Board.

Here appellant has counter designated four items which may well be factually determinative of her claim. The four items are (1) a VA Form 119 Report of Contact, dated March 8, 1988, and completed by Dr. Robert A. Kreisberg, a VA physician and Chief of Medical Services; (2) a letter, dated October 3, 1988, from Dr. Joel D. Silverberg, Chief Medical Resident and Instructor in Medicine, 1988–89, at the VA Medical Center in Birmingham, Alabama, to Mrs. Louise Graves of the Jefferson County Health Department; (3) a letter from the VA to appellant informing her that the VA had received her application and that she did not have to take any additional action at that time; (4) appellant's Statement in Support of Claim, dated May 2, 1991. Three of the four items were generated within the VA by its agents or employees.

This Court is precluded by statute from considering any material which was not contained in the record of proceedings before the Secretary and the Board. 38 U.S.C. § 7252(b) (formerly § 4052(b)); *Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990) (review in the Court shall be on the records of proceedings before the Secretary and the Board). Often, this Court must determine whether items counter designated by appellant were "before the Secretary and the Board" when the BVA made its determination. As this Court stated in *Murincsak v. Derwinski*, 2 Vet.App. 363, 372–373 (1992), "[t]he Court cannot accept the Board being 'unaware' of certain evidence, especially when such evidence is in possession of the VA, and the Board is on notice as to its possible existence and relevance." *See also Rollins v. Derwinski*, 2 Vet.App. 481, 482–83 (1992) (unable to determine whether records in question were submitted and made part of the record on appeal, and unable to determine what relationship, if any, the information may have to appellant's claim for service connection for an acquired psychiatric disorder, including post-traumatic stress disorder, the Court remanded the claim for readjudication).

Here, there has been no allegation by the Secretary that the items proffered by appellant are not genuine and we have no

reason to question his statement that the evidence cannot be found in appellant's claims file. However, because three of the four items were clearly generated by the VA, the Secretary had constructive, if not actual, knowledge of those items. The fourth item was submitted to the VA by appellant as part of her claim. All four items pre-date the BVA opinion now on appeal to this Court. Therefore, the Court, finds, as a matter of law, that the four items counter designated by appellant were "before the Secretary and the Board" when the BVA decision was made. 38 U.S.C. § 7252(b).

The Court is not suggesting that appellant's entire claim file must be submitted to the Court in this or any other case. However, the Secretary must insure, by whatever means necessary, that those items considered by the Board in arriving at its decision are included in the record on appeal. Where, as here, a dispute arises as to the content of the record and where the documents proffered by the appellant are within the Secretary's control and could reasonably be expected to be a part of the record "before the Secretary and the Board," such documents are, in contemplation of law, before the Secretary and the Board and should be included in the record. If such material could be determinative of the claim and was not considered by the Board, a remand for readjudication would be in order.

On consideration of the foregoing, it is

ORDERED that the August 5, 1991, BVA decision is vacated. The case is remanded for readjudication of appellant's claim in light of the record as now constituted. "A remand is meant to entail a critical examination of the justification for the decision." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). The Court expects that on remand the Board will reexamine the evidence of record and seek any other evidence it feels is necessary in adjudicating appellant's claim. Appellant will be free to submit additional evidence to the BVA.