**Charles B. HULSEY, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1503.**

United States Court of Veterans Appeals.

Nov. 18, 1992.

As Amended Nov. 30, 1992.

Before HOLDAWAY, IVERS and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

On December 9, 1991, the Secretary of Veterans Affairs (Secretary) filed a designation of the record on appeal. On January 28, 1992, appellant filed a counter designation of the record, including in his counter designation "Cat Scan Xrays" allegedly made by the VA in 1974. In response to appellant's filing, the Secretary filed, on April 6, 1992, a motion for an order directing appellant to show cause, under Rule 10 of the Court's Rules of Practice and Procedure, why certain of the counter-designated documents should not be excluded from the record on appeal. On April 15, 1992, appellant filed an opposition to the Secretary's motion. On July 15, 1992, this Court issued an order directing the Secretary to file any documents in which the Department of Veterans Affairs (VA) may have had brought to its attention, prior to the issuance of the June 21, 1991, decision of the Board of Veterans' Appeals (Board) on appeal, the existence of the disputed 1974 CAT scan reports, and directing appellant to file any evidence that he attempted to bring the existence of those reports to the attention of the Secretary.

In their respective responses to the Court's order, both the Secretary and ap-pellant included copies of a 1983 document submitted by appellant to the San Diego, California, VA Regional Office (RO), in which he asserted that he had undergone a CAT scan at the San Diego VA Hospital in June 1974, but that he had never received the results of the CAT scan. In addition, the Secretary submitted a letter, received by the San Diego RO in September 1981, in which appellant requested the results of the CAT scan.

Where, as here, a dispute arises as to the content of the record and where the documents proffered by the appellant are within the Secretary's control and could reasonably be expected to be a part of the record "before the Secretary and the Board," such documents are, in contemplation of law, before the Secretary and the Board and should be included in the record. If such material could be determinative of the claim and was not considered by the Board, a remand for readjudication would be in order. *Bell v. Derwinski*, 2 Vet.App. 611, 613 (1992). Therefore, the Court holds, as a matter of law, that the CAT scan counterdesignated by appellant was "before the Secretary and the Board" when the Board decision was made. 38 U.S.C. § 7252(b) (formerly § 4052); *Bell*, 2 Vet.App. at 612.

On consideration of the foregoing, it is

ORDERED that the Secretary, within 30 days after the date of this order, transmit the record on appeal pursuant to Rule 11 of this Court's Rules of Practice and Procedure. The record on appeal shall consist of the record of proceedings before the Secretary and the Board as designated by the Secretary initially as well as any record of a 1974 CAT scan of appellant performed at the San Diego VA Hospital. It is further

ORDERED that, if either party believes that such CAT scan record could be determinative of the outcome of the case, that party shall file a memorandum so noting, setting forth the reasons for such a conclusion, and addressing the desirability of remand in light of 38 U.S.C. § 7261(c) (formerly § 4061). It is further

ORDERED that, if no records of such a 1974 CAT scan are located, the Secretary

include with the transmittal of the record on appeal a certification to that effect and documentation of the efforts to locate such records.