Jeremiah SIMINGTON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–948.

United States Court of Veterans Appeals.

Sept. 6, 1996.

Before HOLDAWAY, IVERS, and
STEINBERG, Judges.

## ORDER

PER CURIAM.

This matter is before the Court to resolve
a dispute arising out of the appellant's pro-
posed counter-designation of the record.  *See*
U.S. Vet.App. R. 10(b).

On June 16, 1995, the Board of Veterans'
Appeals (Board or BVA) rendered a decision
which denied service connection for residuals
of dental trauma for the purpose of receiving
VA outpatient treatment.    The appellant

filed his Notice of Appeal on October 2, 1995.
On January 11, 1996, the appellant submitted
documents to the Court that had not been
designated as part of the Record on Appeal
(ROA).   On March 25, 1996, the Secretary
filed the ROA. On July 2, 1996, the Court's
Central Legal Staff conducted a telephonic
conference pursuant to Rule 10 of this
Court's Rules of Practice and Procedure re-
garding the designation of the ROA, but the
dispute was not resolved.

The Secretary seeks to exclude the docu-
ments counter-designated by the appellant
on the ground that the items were not a part
of the "record of proceeding before the Sec-
retary and the Board" at the administrative
level.   *See* 38 U.S.C. § 7252(b).   The appel-
lant asserts that all of the counter-designated
items were submitted at a hearing at the
regional office (RO) and that the RO had
failed to forward the items to the Board.
The disputed items consist of: (1) an Army
service memorandum dated July 25, 1991;
(2) an undated Army memorandum referenc-
ing a request for payment; (3) the second
page of Army dental treatment records (the
first page of which is included in the record);
and (4) copies of statutes and regulations.

■ In *Bell v. Derwinski,* 2 Vet.App. 611,
613 (1992) (per curiam order), the Court
noted that where "documents proffered by
the appellant are within the Secretary's con-
trol and could reasonably be expected to be a
part of the record 'before the Secretary and
the Board,' such documents are, in contem-
plation of law, before the Secretary and the
Board and should be included in the record."
*Bell* noted that, if such documents could be
determinative, a remand for readjudication
would be required.   Here, the disputed items
would probably not be considered determina-
tive, thus requiring a remand, but they are
relevant and should be included in the ROA
if they were in the Secretary's "control" so as
to charge him with either actual or construc-
tive knowledge.

■ As to the appellant's assertion that
the documents were proffered to the Secre-
tary, if the appellant can corroborate that
assertion with any reliable evidence, for ex-
ample, an original document with the date

stamp showing VA receipt, a hearing transcript reference to the proffer or acceptance of the documents, a certified mail receipt, affidavits of any individuals present at the hearing, or any other information that would corroborate that the documents were, at any time, in the Secretary's possession, a rebuttable presumption would arise that the disputed evidence was "within the control of the Secretary" and should, therefore, be included in the record on appeal.

On consideration of the foregoing, it is

ORDERED that the appellant, within 45 days after the date of this order, provide evidence to corroborate his assertion that the disputed documents were previously proffered to the Secretary. It is further

ORDERED that the Secretary, within 30 days after service of the appellant's submission, may submit evidence and argument in rebuttal.