**Robert C. SCARBROUGH, Appellant,**

**and**

**Lorenzo W. Carter, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**Nos. 96–1059, 96–1090.**

United States Court of Veterans Appeals.

April 24, 1997.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

**ORDER**

PER CURIAM.

In No. 96–1059, the Secretary filed a fourth motion for extension of time to file a

---

designation of the record on appeal, asserting as a basis for extension only that the appellant's claims file is at a VA regional office for the processing of a remand. The preceding three motions were based on the same reason. The designation of the record on appeal was originally due in October 1996.

In No. 96–1090, the Secretary has filed a fourth motion for extension of time to file the record on appeal, asserting as the only basis for the extension that the appellant's claims file is at a VA regional office. The preceding three motions were based on the same reason. The designation of the record on appeal was originally due in October 1996.

The Secretary does not explain why, with modern copying technology, the file can only be in one place at one time.

 The designation of the record on appeal is a duty incumbent upon the Secretary. He is the custodian of the record, and his duty is to provide a record on appeal which has integrity, showing what was relevant to the decision, whether that material is consistent with the Board's conclusions or not. *See* U.S. VET.APP. R. 10(a), (d). Aside from the importance of a complete and candid record on appeal a timely designation is essential to the prompt judicial review of denials of veterans' claims. Until there is a designation the appeal cannot progress because the appellant and the Court can do nothing with the merits of the appeal. *See:* 38 U.S.C. § 7252(b) (review shall be on the record of proceedings before the Secretary and the Board).

Upon consideration of the foregoing, and the appellant's opposition in No. 96–1059, it is

ORDERED that these cases are consolidated only for purposes of designation of the records on appeal. It is further

ORDERED that the Secretary's motions are granted in part. The Secretary will file the designation of the record in each of these consolidated cases not later than May 19, 1997, or, failing that, at that time show cause why the Court should not require the Secretary to adopt a designation procedure which will eliminate such delays. *See* 38 U.S.C. § 7261(a)(2), which states:

(a) In any action brought under this chapter, the Court of Veterans Appeals, to the extent necessary to its decision and when presented, shall—

. . . .

(2) compel action of the Secretary unlawfully withheld or unreasonably delayed