Richard S. HENDERSON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–310.

United States Court of Veterans Appeals.

May 30, 1997.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM.

The appellant has appealed a September 22, 1994, Board of Veterans' Appeals (Board or BVA) decision denying service connection for respiratory disorders, including chronic obstructive pulmonary disorder and asthma; a cardiovascular disorder, including hypertension; an acquired psychiatric disorder, including post-traumatic stress disorder; and a right-shoulder disorder; and denying reopening of claims for service connection of a right-foot disorder, knee disorder, and right-hand disorder. The appellant also appealed a March 22, 1995, decision by the Deputy Vice Chairman of the Board denying the appellant's motion for reconsideration of the September 1994 BVA decision. The motion for reconsideration had been received at the Board on October 31, 1994, and supplemented in January and February 1995.

### I. Pleadings and Arguments of the Parties

On February 1, 1996, the Secretary transmitted the record on appeal (ROA). The appellant then moved to supplement the ROA with documents he asserted were submitted to the BVA as part of his motion for reconsideration. In April and November 1996, he submitted three pleadings contending that 38 C.F.R. § 20.102, the regulation pursuant to which the BVA Chairman delegated responsibility for reviewing motions for reconsideration to the Deputy Vice Chairman, is unconstitutional. To support his argument, the appellant contends that the regulation purports to permit, without statutory authority, a "principal officer" of the United States to delegate to an "inferior officer" of the United States decisional powers entrusted to the "principal officer" by Congress. The appellant also contends that the September 1994 BVA decision was unauthorized because it was a decision by a single-member panel, rather than by a majority of three or more members. The Secretary has never responded to these two arguments.

On February 10, 1997, the Court granted the appellant's motion to supplement the ROA only to the extent that the documents would be considered by the Court to determine whether it has jurisdiction to review the Deputy Vice Chairman's denial. *See Bennett v. Brown*, 10 Vet.App. 178, 181–82 (1997). After reviewing the documents and the appellant's motion for reconsideration, the Court stated that it appeared that it lacked jurisdiction to review the denial of reconsideration and ordered the appellant to show cause why his appeal from that denial should not be dismissed. It held the appellant's motion to supplement the ROA in abeyance insofar as it related to inclusion of those documents in the ROA in connection with the Court's review of the September 1994 BVA decision, and ordered the Secretary to respond to the appellant's motion to supplement the ROA in connection with that review. The Court ordered the Secretary to address specifically whether two Department of Veterans Affairs (VA) regional office (RO) letters should have been considered by the BVA under *Bell v. Derwinski*, 2 Vet.App. 611 (1992) (per curiam order), in its September 1994 decision.

On February 24, 1997, the Court granted the appellant's motion for expedited consideration of this appeal, but directed that, in light of the pending ROA dispute, expedited proceedings and the requirement for filing .briefs under Rule 47 would not commence until further order of the Court.

On February 24, 1997, the appellant filed a response to the Court's February 10, 1997, order. In his response, he argues that the Court "has jurisdiction to rule at this time on the motion for reconsideration" and that the Court's decision in *Romero v. Brown*, 6 Vet. App. 410 (1994), cited in the Court's February 10, 1997, order, does not apply to his case. Response (Resp.) at 2–3. He also reiterates his contention that the single-member BVA decision was a denial of due process.

On March 21, 1997, the Secretary filed his response. The Secretary argues that the Court should not exercise jurisdiction over the Deputy Vice Chairman's denial of reconsideration because the appellant failed to allege in his reconsideration motion new evidence, as defined in *Romero*, 6 Vet.App. at 412–14 ("new evidence" must be in the form of service-department records or reports and must create a reasonable possibility of changing the outcome), or changed circumstances, *see Patterson v. Brown*, 5 Vet.App. 362, 365 (1993). He characterizes the appellant's motion for reconsideration as an allegation of material error. Given his position that the Court should not exercise its jurisdiction over the denial of the reconsideration motion, the Secretary objects to supplementing the ROA with those materials for purposes of reviewing the September 1994 BVA decision. He further objects to such supplementation on the basis that the documents specifically described as items 1–4 in the appellant's motion to supplement are dated after the date of the BVA decision and could not have been before the Secretary or the Board. *See Winslow v. Brown*, 8 Vet.App. 469, 473 (1996); *Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990).

Regarding the two letters generated by the VARO, the Secretary first notes that they are undated. Assuming, however, that they predate the September 1994 BVA decision, the Secretary acknowledges that they are potentially includable in the ROA under the Court's holding in *Bell, supra*. The Secretary states that he does not have the appellant's claims file because it has been returned to the RO for use in the adjudication of claims that the appellant has pending there. He cannot, therefore, determine whether these two RO documents are contained therein. He agrees, however, that if they are in the claims file, they would be potentially includable in the ROA. In any event, the Secretary opposes inclusion of these two documents on relevance grounds. He asserts that the two letters "are not relevant to any issue decided by the Board in the appealed decision over which the Court has jurisdiction." Resp. at 6. He states, based on a telephone conversation with RO personnel: "[C]laims involving service connection for si-

nusitis (including a claim under 38 C.F.R. § 3.358), loss of the senses of smell and taste, and chronic pulmonary disease, are currently pending at the RO. Those letters may be relevant to the decisions which will be forthcoming from the RO, but they are not relevant to the BVA decision on appeal over which the Court has jurisdiction." Resp. at 7.

On March 31, 1997, the appellant filed a reply to the Secretary's response. This reply was not requested by the Court in its February 10, 1997, order, nor is such a reply contemplated by the Court's Rules. Nevertheless, the appellant's pleading will be accepted for filing as of the date of this order. In his reply, the appellant reiterates his contention that 38 C.F.R. § 20.102 is unconstitutional. He asserts that if the Deputy Vice Chairman was without authority to deny the reconsideration motion, then that motion is still pending at the BVA. The appellant further asserts that if his reconsideration motion is pending, because it was timely filed within 120 days after the BVA decision (*see Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991)), the finality of the September 1994 BVA decision was abated. He continues that this Court lacks jurisdiction over his appeal in its entirety if the BVA decision is not final.

Because of the appellant's two latter contentions and aspects of the ROA dispute, this matter has been referred to a panel for consideration.

On April 30, 1997, the appellant filed a "Motion for Order Appointing Independent Counsel to Explore Propriety of Certification of the Issues under Submission in the above Entitled Case, which are in the Nature of Quo Warranto as a Class Action". On May 6, 1997, the appellant sent a letter to the Court's Central Legal Staff inquiring about his briefing timetable and responsibilities.

## II. Analysis

### A. *Individual-Member Board Decision*

Regarding the appellant's contention that, because he filed and perfected his appeal to the BVA in March 1993, he was entitled to a decision from a panel consisting of three BVA members, he asserts that the individu-

al-member BVA decision that he received is void, arguing that to decide otherwise would be to give impermissible retroactive application to section 6(a) of the BVA Administrative Procedures Improvement Act of 1994, Pub.L. No. 103–271, 108 Stat. 740, 741 (1994) (amending 38 U.S.C. § 7102(a) and providing, inter alia, that proceeding instituted before BVA may be assigned to individual member). The Court is not persuaded by this argument. The effective date of the Act was July 1, 1994. *See Adepegba v. Hammons,* 103 F.3d 383, 385 (5th Cir.1996) (noting that where Congress has not specified effective date for law, court should apply "default rule that the [law] became effective on the day it was signed into law" (citing NORMAN J. SINGER, 2 SUTHERLAND ON STATUTORY CONSTRUCTION, § 33.06 at 12 (5th ed.1993))); 73 AM.JUR.2D *Statutes* §§ 361, 362 (1974) ("[u]nless otherwise indicated, a law is effective on the date of its passage or enactment into law").

■ As the appellant admits, his appeal to the BVA was pending when Congress passed the Act. The Court rejects his assertion that it was error for the BVA to assign his appeal to an individual BVA member. No section of the new law states whether courts should apply this new statute in cases pending on the effective date of the law. As to cases pending at the time a new law becomes effective, the Supreme Court has held that before applying such a statute courts must determine whether the statute would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf v. USI Film Products,* 511 U.S. 244, 280, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994). If it does, courts should not apply the statute to the pending case. *Ibid.* It seems well established that "because rules of procedure govern secondary conduct rather than primary conduct, applying them to cases pending on their effective date does not violate presumptions against retroactivity" and that such new rules are applied "even where they work to the disadvantage of defendants in pending cases." *Adepegba,* 103 F.3d at 386 (citing *Landgraf,* 511 U.S. at 274–75, 114 S.Ct. at 1502). In this context, the Court must decide whether section 6(a) of the 1994 Act is a procedural statute. Before enactment of section 6(a) of the 1994 Act, section 7102 permitted the Chairman of the BVA to divide the Board into sections of three members to dispose of claims; as a result, BVA appellants were entitled to a decision by a three-member panel. The new law authorizes the BVA to issue single-member decisions. The Court notes that the parties have not briefed fully the issues involved in determining whether section 6(a) of the 1994 Act affects procedural or substantive rights as well as the other criteria noted above in terms of precedential caselaw, including *Landgraf and Adepegba,* both *supra.* Accordingly, the Court will order briefing before deciding whether at the time of the BVA's September 1994 decision, the Board had the authority to proceed to decide by an individual member, pursuant to the new law that had been in effect since July 1, 1994, the merits of the appeal.

Relying on the Veterans' Benefits Improvement Act of 1994, Pub.L. 103–446, § 303, 108 Stat. 4645, 4658 (1994), the appellant also contends that an individual member of the Board is allowed only to screen a case, not to make a decision on the merits. The Court notes that section 303 amended 38 U.S.C. § 7107, effective on November 2, 1994, the date of enactment, *see Adepegba,* 103 F.3d at 385, by adding a subsection that allows for "the screening of cases for purposes of (1) determining the adequacy of the record for decisional purposes; or (2) the development, or attempted development, of a record found to be inadequate for decisional purposes." 38 U.S.C. § 7107(f). This new subsection permits the Board to screen cases on appeal at any point in the decision process for the limited purposes stated. This adjudication procedure makes an exception to the requirement in subsection (a) of section 7107 that a case received for review is to be "considered and decided in regular order according to its place upon the docket." 38 U.S.C. § 7107(a). This new subsection does not refer to, or limit, assignments in terms of their being made either by an individual member of the Board or by a panel. That matter is dealt with, as noted above, by

section 6(a) of Pub.L. No. 103–271, which specifically amended 38 U.S.C. § 7102(a) to allow an individual member of the Board to make a determination on a proceeding assigned to it and to provide that that member's report on any such determination "shall constitute the final disposition of the proceedings by the member".

However, in light of the appellant's contention (discussed in part I., above) regarding the Court's lack of jurisdiction over the appeal of the BVA decision here, due to the asserted continued pendency of the motion for reconsideration before the BVA, the Court will not definitely resolve this issue at this point.

### B. Record Dispute

■ This Court is precluded by statute from including in the ROA any material that was not contained in the "record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *see Rogozinski, supra* (review in Court shall be on record of proceedings before Secretary and Board). When "relevant" documents relating to the appellant's claim were within the Secretary's control (for example, records generated by VA or communications received by it) prior to the BVA decision on appeal, and could reasonably have been expected to be part of the record, such documents are "in contemplation of law" constructively part of the record of those proceedings and should be included in the record. *Simington v. Brown*, 9 Vet.App. 334, 335 (1996) (per curiam order) (quoting *Bell, supra* ); *see Hulsey v. Principi*, 3 Vet.App. 486, 487 (1992) (per curiam order). "If such material could be determinative of the claim and was not considered by the Board, a remand for readjudication would be in order." *Bell*, 2 Vet.App. at 613.

■ *1. Documents within Secretary's control:* As to the two VA letters that the appellant proposes be included in the ROA, the Court notes that the first letter is from an RO to a VA medical center (MC) and referred to the appellant's assertions (a) that he had not been informed of the existence of a nasal polyp or mucocele discovered on a March 1958 VA examination and (b) that this condition had caused chronic obstructive pul-

monary disease. Attachment 8, Exhibit 1, to Secretary's April 12, 1996, Resp. to Court Order. The second letter is from the VAMC to the RO; it stated that "there may not have been patient notification of the nasal polyp found" and recommended that "the question concerning the decision as to whether or not the nasal polyp could cause chronic upper respiratory problems be put to your adjudication board physician for resolution." Attachment 8, Exhibit 2, to Secretary's Resp. Although both letters were undated, the VAMC letter stated: "This is in response to your undated letter received May 3, 1993, concerning Mr. Richard S. Henderson."

The Court concludes that the only reasonable inference that can be drawn from the quoted statement is that the RO letter had been sent prior to May 3, 1993, and that a reasonable inference that can be drawn from the same quoted statement is that the VAMC letter had been sent shortly thereafter, and that thus both letters were in the Secretary's possession prior to the Board's September 1994 decision. A rebuttable presumption thus arises that the disputed evidence was "within the control of the Secretary" prior thereto. *Simington*, 9 Vet.App. at 335–36. The Court concludes that the Secretary's statement that he does not have the appellant's claims file because it is at the RO does not suffice to rebut the presumption. *See Scarbrough v. Brown*, 10 Vet.App. 207 (1997) (per curiam order) (consolidated with *Carter v. Brown*, No. 96–1090) (in considering Secretary's assertion that appellant's claims file was at RO as basis for extension of time to file designation of ROA, Court noted that Secretary had not explained "why, with modern copying technology, the file can only be in one place at one time"). (The Court notes that two recent single-judge nonprecedential orders directed the Secretary to address "the legal and factual basis" for not copying the claims file for a claimant while a petition for extraordinary relief in the nature of mandamus is pending here (*Halle v. Brown*, No. 96–1684, 1997 WL 174910, at *3 (Vet.App. April 10, 1997)), and to explain whether separate copies of the claims file could be used in VA proceedings on claims different from those pending at the Court in order that all

proceedings could move forward concurrently (*Neumann v. Brown*, U.S. Vet.App. No. 96–1726 (order April 4, 1997)).)

Moreover, the Secretary has not alleged that the documents proffered by the appellant are not genuine. Because the letters were "clearly generated by . . . VA, the Secretary had constructive, if not actual, knowledge of those items". *Bell*, 2 Vet.App. at 613. Because those 1993 letters were within the Secretary's control prior to the BVA decision on appeal, they "could reasonably have been expected to be part of the record". *Ibid.*; *see Simington* and *Hulsey*, both *supra.* Accordingly, the Court holds that the two VA documents were constructively part of the record of those VA proceedings and were " 'before the Secretary and the Board' when the BVA decision was made." *Bell*, 2 Vet.App. at 613; *see Hulsey*, 3 Vet.App. at 487.

■ **2. Relevancy of documents:** In addition to being within the Secretary's control at the time of the Board's decision, the two documents appear relevant to that portion of the instant appeal relating to the BVA's·denial, inter alia, of service connection for respiratory disorders, including chronic obstructive pulmonary disorder and asthma. Record (R.) at 21. Although the two letters preexisted the September 1994 Board decision, the Board did not refer to these letters in its discussion of the evidence. The Board, however, noted: "VA respiratory and pulmonary examinations in August 1993 resulted in diagnoses of chronic obstructive pulmonary disease and allergic rhinitis/sinusitis, but they do not link these disorders to service. The examiner stated that chronic pulmonary disease was unrelated to nasal polyps, as the veteran had contended." R. at 16.

It is unclear to the Court from the Secretary's assertion that the appellant's claim for service connection for chronic pulmonary disease is currently pending before the RO whether there are two claims for service connection for chronic pulmonary disease. Nevertheless, it is clear that the Board decision here on appeal decided that claim and that the relevancy argument posed by the Secretary is thus without merit. Because the letters refer to a claim that was decided by the Board decision here on appeal and the Secretary has not offered any additional basis for declaring the letters not to be relevant, the Court concludes that they are "relevant" documents.

**3. Determinative of the outcome:** The Court must now determine whether those relevant VA documents that were constructively before, but not considered by, the Board "could be determinative of the [outcome of the] claim". *Bell*, 2 Vet.App. at 613. If those documents are determinative, then "a remand for readjudication would be in order." *Ibid.* If they are not "determinative", then the question arises whether the appellant's appeal may proceed with the documents included in the ROA even though the Board had not considered those documents, or whether the appeal should proceed with those documents excluded from the ROA, or whether the matter should be remanded for the Board to consider those documents.

In *Hulsey*, the Court held that a VA hospital record constructively " 'before the Secretary and the Board' when the Board decision was made" should be included in the ROA and directed the parties to address whether that record was "determinative" of the outcome of the case and whether a remand was thereby warranted. *Hulsey*, 3 Vet.App. at 487; *see also Simington*, 9 Vet. App. at 335 (dictum that where disputed items are not considered determinative but are relevant, they should be included in ROA if they were in Secretary's "control"). Although the two letters in the present case were constructively before the Secretary and the Board, the fact remains that these two letters had not been considered by the Board and were actually not part of the record of proceedings and, notwithstanding the implication in *Hulsey* and *Simington*, it is unclear how this Court could consider a document that was not part of the VA proceedings. However, the Court will allow the appellant the opportunity either to set. forth reasons for concluding that the letters are determinative (especially in light of the August 1993 VA examination report noted above) and thereby warrant a remand, or to argue that even if the records are not found determina-

tive, the Court should consider them in the first instance, or to inform the Court to proceed without the addition of those two letters in the ROA.

Upon consideration of the foregoing, and for the reasons stated in its February 10, 1997, order, which is incorporated herein by reference, the Court declines to exercise its jurisdiction over the appellant's appeal of the denial of reconsideration. *See Patterson* and *Romero*, both *supra*. The appellant has, however, raised the issue of jurisdiction when he asserts that he lacks a final BVA decision due to his contention about the invalidity of the Deputy Vice Chairman's denial of his motion for reconsideration. *See Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed.Cir.1996) ("it is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case *before* adjudicating the merits, that a potential jurisdictional defect may be raised by the court or tribunal, *sua sponte* or by any party at any stage in the proceedings, and, once apparent, must be adjudicated"); *see also In the Matter of the Fee Agreement of Wick*, 40 F.3d 367, 370 (Fed.Cir.1994) (quoting *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986)); *Jensen v. Brown*, 19 F.3d 1413, 1416 (Fed. Cir.1994) (same).

Although the ROA issue need not be resolved if the Court should agree with the appellant about the lack of jurisdiction over the appeal, the Court, taking note of the expedited consideration that has been ordered and is pending to be applied to the resolution of the underlying appeal on its merits, deems it expeditious for further briefing on these issues to proceed concurrently.

### C. *April 30, 1997, Motion Regarding Appointment of Counsel and Class Action Exploration*

■ The Court will construe the appellant's April 30, 1997, motion as a petition for certification of a class and will deny it. Notwithstanding the appellant's contention to the contrary, this Court determined, en banc, in *Lefkowitz v. Derwinski*, 1 Vet.App. 439 (1991) (en banc order), and *Harrison v. Derwinski*, 1 Vet.App. 438 (1991) (en banc order), that it lacked the authority to establish a class action procedure and that to do so would be both unwise and unnecessary. *But cf. id.* at 440 (separate statements of Kramer and Steinberg, J.J., concurring in the result). Moreover, this Court does not appoint counsel to represent pro se appellants. The Court will, however, invite amici curiae to participate.

In view of the foregoing, it is

ORDERED that the appellant's March 31, 1997, reply be filed by the Clerk of the Court as of the date of this order. It is further

ORDERED that the appellant's motion to supplement the ROA is held in abeyance. It is further

ORDERED that the appellant, within 20 days after the date of this order, file, and serve on the Secretary, a memorandum setting forth his reasons for believing that the two VA documents he proposes be included in the ROA could be determinative of the outcome of the case (especially in light of the August 1993 VA examination report), addressing the desirability of remand in light of 38 U.S.C. § 7261(c), and discussing the Court's jurisdiction to consider those documents in the event that the Court holds that the documents do not appear determinative. It is further

ORDERED that the appellant's appeal from the BVA Deputy Vice Chairman's March 22, 1995, denial of reconsideration is DISMISSED. It is further

ORDERED that the appellant's construed April 30, 1997, petition for certification of a class is denied. It is further

ORDERED that the Secretary, within 20 days after service on him of the appellant's memorandum, file, and serve on the appellant, a response addressing the appellant's contention (1) that the Chairman is without authority to delegate his responsibility to review motions for reconsideration, thus restoring the appellant's motion to a pending status and removing the finality of the BVA decision, and (2) that at the time of the BVA's September 1994 decision, the Board lacked the authority to decide by an individual member, the merits of the appeal, specifically in terms of the *Landgraf* criteria, other

pertinent law, and the analysis set forth in all of part II.A., above; and also the issues (3) that relate to the two VA documents, noted above, that are to be addressed in the appellant's memorandum to be filed pursuant to this order. It is further

ORDERED that the appellant, within 20 days after the date of service of the Secretary's response to this order, file a reply to the Secretary's response. It is further

ORDERED that in light of the jurisdictional issues and record dispute, and as specified in the Court's February 24, 1997, order, the time for filing briefs on the merits of the appeal will not commence until further order of the Court.

Interested amici curiae are invited to respond, within 20 days after the date of the Secretary's response to this order, to the issues as to which the parties are directed by this order to file memoranda.