Richard S. HENDERSON, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.

No. 95–310.

United States Court of Veterans Appeals.

March 4, 1998.

---

7. *See supra* note 3.

8. *See supra* note 4.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM:

This case is before the Court on appeal of a September 22, 1994, Board of Veterans' Appeals (Board or BVA) decision. On February 24, 1997, the Court granted a motion for expedited review. However, because the appellant raised three interlocutory issues— (1) his counter designation of two Department of Veterans Affairs (VA) letters relating to whether he was notified of the results of a 1958 VA examination that found a nasal polyp; (2) the authority of the Board to issue a single-member decision in his case; and (3) the authority of the BVA Deputy Vice Chairman to deny the appellant's motion for BVA reconsideration—the Court, in a May 30, 1997, order, noted that the time for filing briefs on the merits of the appeal would not commence until further order of the Court.

Each of the three interlocutory matters now has been the subject of extensive briefing by the appellant and the Secretary.

As to the two letters counter designated by the appellant, this Court is precluded by statute from including in the record on appeal (ROA) any material that was not contained in the "record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *see Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990) (review in Court shall be on record of proceedings before Secretary and Board). Where "relevant" documents relating to the appellant's claim were within the Secretary's control (for example, records generated by VA or communications received by it) prior to the BVA decision on appeal, and could reasonably have been expected to be part of the record, such documents are "in contemplation of law" constructively part of the record of those proceedings. *Simington v. Brown*, 9 Vet.App. 334, 335 (1996) (per curiam order) (quoting *Bell v. Derwinski*, 2 Vet.App. 611, 612–13 (1992) (per curiam order)); *see also Hulsey v. Principi*, 3 Vet. App. 486, 487 (1992) (per curiam order). The Court's May 30, 1997, order concluded that the two counter-designated documents were within the Secretary's control and were relevant to the appeal as to the service-connection claim for, inter alia, respiratory disorders. In that order, the Court sought a response from the appellant and the Secretary on the question of whether those documents could be "determinative" of the appeal so as to warrant remand under *Bell*, 2 Vet. App. at 613 ("[i]f such material [that the Court finds to have been constructively before the Board] could be determinative of the claim and was not considered by the Board, a remand for readjudication would be in order"). The Secretary argues that the documents are not determinative because they deal only with whether the appellant was notified of the results of a 1958 VA medical examination, which found a nasal polyp; the appellant appears to argue that the documents would be determinative of a claim brought pursuant to 38 U.S.C. § 1151 (providing benefits for persons injured or disabled by VA treatment). However, no such section 1151 claim is before the Court (the

Secretary advises that such a claim is pending before a VA regional office), and the Court cannot conclude that the documents could be determinative of the service-connection claims that are on appeal. However, because the documents are relevant to some of those claims and were constructively before the Secretary, the Court will order them to be included in the ROA. *See Simington, supra* ("where disputed items would probably not be considered determinative ... but they [were] relevant ... [they] should be included in the ROA if they were in the Secretary's 'control' ").

In light of the Court's grant of expedited review and its interest in conservation of judicial resources and in avoiding piecemeal litigation, *see Harris v. Derwinski,* 1 Vet. App. 180, 183 (1991) ("Court will [not] review BVA decisions in a piecemeal fashion"); *Fugere v. Derwinski,* 1 Vet.App. 103, 105 (1990) ("[a]dvancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court"); *see also Cerullo v. Derwinski,* 1 Vet.App. 195, 200 (1991) (one reason advanced by Court for statutory interpretation was that it would "help[ ] prevent the wasting of judicial time and resources"), the Court believes that the best course, at this time, is to proceed to briefing on the merits so that all remaining issues may be disposed of in a single decision in an expeditious manner.

In view of the foregoing, it is

ORDERED that the appellant's motion to include in the ROA the two counter-designated VA letters is granted. It is further

ORDERED that the Secretary, within five days after the date of this order, file a Supplemental ROA containing certified copies of those VA records. It is further

ORDERED that, pursuant to Rule 47(b) of the Court's Rules of Practice and Procedure (Rules), the appellant file with the Court and serve on the Secretary a brief not later than 25 days after the date of this order. The Secretary will file with the Court and serve on the appellant a brief not later than 15 days after service of the appellant's brief, and any reply by the appellant will be due 10 days after service of the Secretary's brief. Briefs filed pursuant to this order must comply with Rule 47(c) ("Briefs filed under this rule must comply with Rules 28 and 32, except that principal briefs must be limited to 10 pages, reply briefs must be limited to five pages, and a table of authorities is not required") except that, in order to expedite this matter, each of the parties may exceed the Rule 47(c) page limits by five pages. In light of the extensive pleadings on issues (2) and (3), identified above, the Court will entertain no additional pleadings on those issues.