**H.D. WILHOITE, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–267.

United States Court of Veterans Appeals.

June 19, 1998.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

**ORDER**

PER CURIAM:

The appellant appeals a December 6, 1995, decision of the Board of Veterans' Appeals (Board or BVA) denying reopening of previously disallowed claims for Department of Veterans Affairs (VA) service connection for a psychiatric disorder as a residual of sunstroke, a lower-back disorder, myocarditis, hypertension, and rheumatoid arthritis; denying a compensable evaluation for duodenal ulcer disease; and denying entitlement to a permanent and total disability rating for pension purposes. The appellant filed his informal brief on December 31, 1997. On March 2, 1998, the Court (1) revoked its January 14, 1998, order that had granted the appellant's motion to supplement the record on appeal (ROA); (2) denied the appellant's motion to supplement the ROA with military records destroyed in the 1973 fire and a motion for reconsideration dated December 6, 1995; (3) ordered the appellant to provide evidence to corroborate his assertion that the counter-designated videotape was previously proffered to the Secretary; and (4) ordered the Secretary to advise the Court whether the appellant's October 13, 1992, attorney-drafted brief, in Case No. 91–294, which brief the appellant had counter designated in connection with this case, was part of the record of proceedings before the Secretary or the Board in this case under 38 U.S.C. § 7252(b). It is the latter issue—the appellant's counter designation of that brief—that occasioned the referral of this matter to this panel.

On March 18, 1998, the Secretary informed the Court that the appellant's October 13, 1992, brief filed in this Court in Case No. 91–294 was not a part of the record of proceedings before the Secretary and the Board in connection with this case because, subsequent to its initial filing, the parties had entered into a joint motion to remand. On March 25, 1998, the appellant filed a response to the Court's order. The appellant moves for the Court to reconsider points (1)

and (2), above, in its March 2, 1998, order. Further, the appellant has provided the Court with a copy of a January 21, 1994, letter from himself to William Hanlin, Esq., of Birmingham, Alabama; the letter indicates that a videotape (pertaining to the quality of care provided in VA hospitals) was enclosed.

This Court is precluded by statute from including in the ROA any material that was not contained in the "record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *see Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990) (review in Court shall be on record of proceedings before Secretary and Board). Where "relevant" documents relating to the appellant's claim were within the Secretary's control (for example, records generated by VA or communications received by it) prior to the BVA decision on appeal, and could reasonably have been expected to be part of the record, such documents are "in contemplation of law" constructively part of the record of those proceedings. *Simington v. Brown*, 9 Vet.App. 334, 335 (1996) (per curiam order) (quoting *Bell v. Derwinski*, 2 Vet.App. 611, 612–13 (1992) (per curiam order)); *see also Hulsey v. Principi*, 3 Vet.App. 486, 487 (1992) (per curiam order). The appellant has provided no documentation to demonstrate that the videotape was in the Secretary's control under *Bell, supra.*

As to the attorney-drafted brief, the Court has obtained a copy of the brief from the Court's retired file. The appellant's motion will be construed as a motion to accept that brief as a supplement to his informal brief filed on December 31, 1997.

On consideration of the foregoing, it is by the screening judge

ORDERED that the appellant's motion for reconsideration of the Court's March 2, 1998, order is denied. It is further by the screening judge

ORDERED that the appellant's motion to supplement the ROA with the videotape is denied. The Court notes that the appellant may, of course, present in his brief any relevant arguments he wishes to assert and may also reiterate arguments made to the Board in the December 6, 1995, motion for reconsideration. It is by the panel

ORDERED that the appellant's construed motion to accept the attorney-drafted brief as a supplement to his informal brief is granted. It is further by the panel

ORDERED that the case be returned to the screening judge for further consideration in accordance with Court practice under its Rules of Practice and Procedure. It is further by the screening judge

ORDERED that the Secretary, within 30 days after the date of this order, file with the Clerk and serve on the appellant the Secretary's brief.