**George H. BROKAW, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 99–822.

United States Court of Appeals for Veterans Claims.

Oct. 26, 1999.

Before KRAMER, FARLEY, and IVERS, Judges.

## ORDER

PER CURIAM:

On May 12, 1999, the appellant submitted a Notice of Appeal relating to an April 19, 1999, Board of Veterans' Appeals (BVA or Board) decision. On July 19, 1999, the Secretary filed the designation of the record on appeal (ROA). The appellant later filed a counter designation requesting that five items be included in the ROA. On August 24, 1999, the Secretary filed a motion in which he indicated that items 1 through 4 of the appellant's counter designation have been included in the ROA. The Secretary moved to exclude item 5, which consists of an October 20, 1997, letter from the appellant's counsel and an attached signed VA Form 9, Appeal to the Board of Veterans' Appeals (Form 9), from the appellant's counter designation.

The Secretary states that he has twice requested a search of the regional office (RO) and that the RO has affirmed and "reaffirmed that there was no record of any October 20, 1997, letter from Mr. Stanley or VA Form 9 from the same time period having been received at any time." The Secretary further states that he has reviewed the appellant's claims file for any reference to an October 20, 1997, letter or the attached Form 9 and has found no such references. The Secretary asserts that the document was not in the appellant's claims file and, therefore, was not a part of the record of proceedings before the Secretary and the BVA.

On September 20, 1999, the appellant filed a motion for leave to file his response out of time to the Secretary's motion to exclude. Concurrently therewith, the appellant submitted his response asserting that item 5 of his counter designation was before the RO and constructively within the possession of the Secretary at the time of the BVA decision. Accompanying the appellant's response is an affidavit from the appellant's counsel averring that (1) he "is thoroughly fairly familiar with the requirements of the filing of the 'Form 9'"; (2) he filed all documents in person with the RO in this case; and (3) "to the best of his information and belief, [he] has every reason to believe that this document (Form 9) was filed on or about October 20, 1997." Also attached to the appellant's response is a copy of an October 23, 1997, letter from the appellant's counsel to VA requesting the rescheduling of a hearing. The appellant argues that these two documents "corroborate the fact these materials, including [the] Appellant's substantive appeal, were within the control of the [Secretary]."

This Court is a court of review and is precluded by statute from considering any material which was not contained in the "record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990) (review in the Court shall be on the record of proceedings before the Secretary and the Board). Where items are *"clearly generated* by the VA, the Secretary had constructive, if not actual knowledge of those items." *Bell v. Derwinski*, 2 Vet.App. 611, 613 (1992) (emphasis added). Where there is a dispute over missing records which the appellant asserts have been submitted to VA,

if the appellant can corroborate that assertion with any *reliable* evidence, for example, an original document with the date stamp showing VA receipt, a hearing transcript reference to the proffer or acceptance of the documents, a certified mail receipt, affidavits of any individuals present at the hearing, or any other information that would corroborate that the documents were, at any time, in the

Secretary's possession, a rebuttable presumption would arise that the disputed evidence was "within the control of the Secretary" and should, therefore, be included in the [ROA].

*Simington v. Brown,* 9 Vet.App. 334 (1996) (emphasis added).

■ Although the appellant's counsel has submitted an affidavit stating that he prepared the October 20, 1997, letter, attached signed Form 9, and hand delivered them to the Little Rock RO, he nonetheless purports to rely upon "the best of his information and belief," that is, indirect knowledge, rather than upon his own personal knowledge and experience, that the October 1997 letter and the attached Form 9 were "filed on or about October 20, 1997." *See Fischbach & Moore Int'l Corp. v. Christopher,* 987 F.2d 759, 762 (Fed.Cir. 1993) ("Customarily, the phrase 'to the best of my knowledge and belief,' or 'information and belief' signifies indirect knowledge."); *see generally Columbia Pictures Indus. v. Professional Real Estate Investors, Inc.,* 944 F.2d 1525, 1529 (9th Cir. 1991), *aff'd,* 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993) (affidavit which was not based on personal belief but on information and belief did not raise triable issue of fact); *Jameson v. Jameson,* 176 F.2d 58, 60 (D.C.Cir.1949) ("[b]elief, no matter how sincere, is not equivalent to knowledge"). Moreover, in another document included in the appellant's counter designation, the appellant's counsel states the contrary of what he avers in his affidavit. Item 4 of the appellant's counter designation is a March 11, 1999, letter from the appellant's counsel to the RO which states: "It is true that a Form[ ] 9 was not filed but at that time it was not required to so .... [I]t would not have been necessary in 1997 for Mr. Brokaw to file an appeal since one [Notice of Disagreement] would have resolved the matter." Because of the lack of personal knowledge by the affiant and conflicting evidence, the Court is unable to conclude that the appellant's counsel's affidavit constitutes reliable evidence sufficient to corroborate the appellant's assertion that the October 20, 1997, letter and the attached Form 9 were proffered to VA. *See Simington, supra.*

In addition, the appellant has not shown the existence of an original October 20, 1997, letter or the Form 9 with the date stamp showing VA receipt or a reference in any other documents before VA referencing the existence of the October 1997 letter or the Form 9; nor has he submitted "any other information that would corroborate that the documents were, at any time, in the Secretary's possession." *Id.* Although the appellant argues that the October 23, 1997, letter from his counsel to VA corroborates his assertion, that letter concerns the rescheduling of an October 27, 1997, hearing and does not even reference any filing of his October 20, 1997, letter or his Form 9. Neither can the Secretary be considered to have constructive or actual knowledge of these documents because they were not "clearly generated" by VA. *See Bell, supra.*

On consideration of the foregoing, it is

ORDERED that the appellant's response to the Secretary's motion to exclude is filed as of the date of its receipt. It is further

ORDERED that item 5 will not be included in the ROA. It is further

ORDERED that the Secretary, within 30 days of this order, and pursuant to Rule 11 of this Court's Rules of Practice and Procedure, transmit to the Clerk and serve on the appellant the ROA.