Citation Nr: 1702602 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 12-35 625 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to an initial rating in excess of 70 percent for posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

M. Taylor, Counsel 



INTRODUCTION

The Veteran served on active duty from May 1986 to April 1994 and from January 1998 to January 1999. 

This matter is before the Board of Veterans' Appeals (Board) from a December 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office. 

The December 2010 rating decision granted service connection for PTSD and assigned an initial disability rating of 50 percent. During the pendency of the appeal, the RO increased the rating for PTSD to 70 percent effective from the award of service connection. 

In February 2015, the Board remanded the matter for additional development. 

The appeal is REMANDED to the RO. VA will notify the Veteran if further action is required.


REMAND

Because the requested development in the February 2015 Board remand was not substantially completed, the Board finds that further action to ensure compliance with the remand directives is required. Stegall v. West, 11 Vet. App. 268 (1998). 

As reflected in the February 2015 Board remand, in September 2010, the Veteran submitted a form authorizing VA to obtain records from the Temecula Vet Center in California. Although the RO subsequently requested records from the Temecula Vet Center in February 2015 and August 2015, no response from the Temecula Vet Center is associated with the claims file, and the file is not sufficiently documented in that respect. 

Further, and although a January 2016 RO letter informed the Veteran that his written consent was required in order to obtain the records from the Temecula Vet Center, VA medical records are in constructive possession of the agency and must be obtained if the material could be determinative of the claim. 38 U.S.C.A. § 5103A(c); see also Bell v. Derwinski, 2 Vet. App. 611 (1992). 

In addition, the Veteran's December 2016 submission is construed as an assertion that his PTSD is worse than reflected in the 70 percent rating assigned and/or worse since VA examination in May 2013. As such, in light of the remand, the Veteran should be afforded a VA examination with respect to the nature and severity of his PTSD. 

Prior to the examination, any outstanding records of pertinent medical treatment, to include from the Temecula Vet Center, must be obtained and added to the record. 

Accordingly, the case is REMANDED for the following actions:

1. Obtain complete VA treatment records, to specifically include those from the Temecula Vet Center. 

2. After completion of the above, schedule the Veteran for a VA PTSD examination by an appropriate medical professional. The entire claims file must be reviewed by the examiner. The examiner is to conduct all indicated tests. 

The examiner should provide an opinion as to the severity and all symptomatology caused by PTSD. The examiner should provide an opinion as to the effects of that symptomatology on the Veteran's occupational and social functioning.

A rationale for all opinions expressed should be provided.

3. Finally, readjudicate the appeal. If the benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112.




_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252, only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).