Citation Nr: 1812671 
Decision Date: 02/28/18 Archive Date: 03/08/18

DOCKET NO. 10-40 299 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

L. Kirscher Strauss, Counsel



INTRODUCTION

The Veteran served on active duty from December 1968 to July 1971, including service in the Republic of Vietnam. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a January 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

In June 2017, the Board remanded the issue on appeal to the agency of original jurisdiction (AOJ) for additional development. The Board explained that the evidence of record included diagnoses of psychiatric disorders other than the claimed PTSD and broadened the claim to encompass any confirmed psychiatric disorder. See Clemons v. Shinseki, 23 Vet. App. 1, 4-5 (2009), (holding that although a claim identifies only a single diagnosed disorder, it must be considered a claim for any disability that may reasonably be encompassed by that claim). After completing the requested actions, the AOJ readjudicated the claim in a November 2017 supplemental statement of the case (SSOC) and returned the appeal to the Board.

Unfortunately, another remand of this matter is required. The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

Having reviewed the evidence of record, the Board finds that remand is necessary to obtain outstanding service records and to afford the Veteran another VA examination to obtain additional medical opinion evidence regarding the onset and etiology of his current psychiatric disability.

As detailed in the prior remand, the Veteran filed a claim for PTSD in April 2008. To prevail on his claim, there must be a current diagnosis of PTSD in accordance with applicable criteria; credible supporting evidence that the claimed in-service stressor occurred; and a link, established by medical evidence, between current symptoms and an in-service stressor. 38 C.F.R. § 3.304(f) (2017).

The Veteran was afforded VA examinations in November 2015 and July 2017. Each examining psychologist concluded the Veteran did not meet the diagnostic criteria for PTSD. Instead, both diagnosed persistent depressive disorder or dysthymia and opined that the Veteran's depression was less likely than not related to his service. In support of his conclusion, the November 2015 examiner noted that service records documented an alleged drug overdose, which occurred in [February] 1971 while awaiting charges for going AWOL, and during the investigation, the Veteran denied having purposely overdosed, but believed someone had drugged his coffee. In support of her conclusion, the July 2017 examiner appeared to suggest that the Veteran's depression was not related to any events in service because he had "experienced depression since the mid-1990s."

The Veteran's service treatment records are silent for complaints, diagnosis, or treatment for any psychiatric disorder. His service personnel records reflect that he served in Vietnam from July 1969 to May 1970. From July 1970 to December 1970, he was AWOL. In February 1971, while attached to a Special Processing Battalion awaiting charges of being AWOL, he was admitted to the Ireland Army Hospital at Fort Knox, Kentucky and placed in a convalescence ward where he was treated for ingested drugs. During the investigation into the alleged drug overdose, the Veteran stated he believed someone had drugged his coffee when he left it unattended. From March 1971 to April 1971, the Veteran was AWOL again. A Record of Court-Martial Conviction reflects he was convicted by Special Court Martial for both AWOL periods. In July 1971, he was discharged from service under honorable conditions.

Unfortunately, neither records from the Veteran's February 1971 hospitalization at the Ireland Army Hospital, nor the complete service personnel records pertaining the Special Court Martial proceedings are associated with the claims file. Therefore, the AOJ should obtain these records because they may be pertinent to the Veteran's service connection claim. Notably, during the November 2015 VA examination, the Veteran disclosed that he chose to go AWOL following the death of his grandmother because he did not have any remaining accumulated leave and his commanding officer denied additional leave.

The AOJ also should obtain and associate with the claims file any ongoing treatment records from the Columbus VA Medical Center (VAMC) and associated clinics dating since February 2016. See 38 U.S.C. § 5103A(b), (c); 38 C.F.R. § 3.159(b); see also Bell v. Derwinski, 2 Vet. App. 611, 613 (1992) (VA medical records are in constructive possession of the agency and must be obtained if the material could be determinative of the claim).

After obtaining the outstanding records, the AOJ should provide the Veteran with a VA examination to evaluate whether any current psychiatric disorder other than PTSD was incurred in, or otherwise related to, his military service.

Accordingly, the case is REMANDED for the following action:

1. Obtain the following records:

a) all records of hospitalization dated in February 1971 from the Ireland Army Hospital at Fort Knox, Kentucky;
b) the Veteran's complete service personnel records, including those pertinent to the Special Court Martial proceedings; and
c) any ongoing treatment records from the Columbus VAMC and associated clinics dating since February 2016

2. Arrange for the Veteran to undergo a VA mental disorders examination to determine whether any current psychiatric disability other than PTSD had its onset in service or is related to events in service. The electronic claims file must be made available to the examiner for review in connection with the examination. All indicated tests and studies, to include any psychological testing, should be accomplished and the reports of such must be associated with the examination report.

After reviewing the claims file and examining the Veteran, the examiner should identify all psychiatric disorders found on examination. With respect to each diagnosed psychiatric disorder, the examiner should provide an opinion as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the psychiatric disability had its onset during service, or is otherwise medically related to service.

In addition, for any psychoses found on examination, the examiner should provide an opinion as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the disability had its onset during service, manifested to a compensable degree within one year of the Veteran's July 1971 separation from service, or is otherwise medically related to service.

A medical analysis and rationale are to be included with all opinions expressed. In addressing the above, the examiner must consider the circumstances surrounding the Veteran's two periods of being AWOL, including one following the death of his grandmother, and any additional evidence contained in the Veteran's service treatment or personnel records related to the alleged drug overdose in February 1971.

3. After completing the requested actions, and any additional notification and/or development warranted by the record, readjudicate the claim for entitlement to service connection for an acquired psychiatric disorder. If the benefit sought remains denied, issue a supplemental statement of the case (SSOC) and provide the Veteran and his representative the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
K. Conner
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).