NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MENSHACK NYEPAH,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2024-1435

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-6217, Judge Michael P. Allen.

_____

Decided: March 6, 2025

_____

MENSHACK NYEPAH, Olgethorpe, GA, pro se.

NATALEE A. ALLENBAUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

_____

Before LOURIE, BRYSON, and STARK, *Circuit Judges*.

PER CURIAM.

Appellant Menshack Nyepah, a veteran, appeals from an order of the United States Court of Veterans Claims ("the Veterans Court") denying his request for the appointment of counsel to assist him in prosecuting claims relating to disability compensation.

I

In 2010, Mr. Nyepah filed a claim for disability compensation for various conditions. A regional office of the Department of Veterans Affairs ("DVA") granted service connection and assigned a 10 percent evaluation for one of Mr. Nyepah's conditions (tinnitus), but denied service connection for his other claims. S. App. 42–49. Mr. Nyepah did not seek review of that decision, which became final.

The DVA later learned that Mr. Nyepah had been incarcerated following his felony conviction. Pursuant to 38 U.S.C. § 5313, the DVA advised him that his compensation payments would be reduced because of his incarceration, and that measures would be taken to recover the overpayments that had been made up to that time. S. App. at 37–41. Mr. Nyepah did not seek review of that decision.

In 2021, Mr. Nyepah filed a new claim, this time for bilateral hearing loss, hypertension, and insomnia. *Id.* at 24. The DVA regional office denied service connection for those conditions on the ground that they were not supported by a medical diagnosis. *Id.* at 25–26.

While his new claim was pending, Mr. Nyepah filed a Notice of Disagreement with the Board of Veterans' Appeals, in which he identified the issues as the overpayment and "backpay of disability compensation benefits." *Id.* at 10.

Mr. Nyepah subsequently requested the apportionment of his disability compensation to his mother under 38 U.S.C. §§ 5313(b)(1) and 5307, which permit

compensation that is withheld under section 5313 to be apportioned to the veteran's spouse, children, or dependent parents.  The regional office denied that request because neither Mr. Nyepah nor his mother had provided evidence that she was dependent on him.  *Id.* at 5.

While Mr. Nyepah's request for apportionment was pending before the regional office, Mr. Nyepah filed a "Petition for Appointment of Counsel" with the Veterans Court, which the Veterans Court interpreted as a request for the appointment of counsel "in connection with some matter concerning veterans benefits." *Id.* at 1.  The Veterans Court denied the petition on the ground that the Veterans Court does not appoint counsel, and because none of the statutes cited by Mr. Nyepah provided the court with the authority to appoint counsel. *Id.*

## II

Mr. Nyepah's brief appears to be directed principally at the Veterans Court's denial of his request for the appointment of counsel.  Although he complains that the Veterans Court did not address all the issues he raised in his lengthy petition before that court, he states in his informal brief before this court that "[t]he sole ground for relief is, adequate counseling for overall [illegible] of entire claim; and recovery of all assets." Appellant's Informal Br. 2.  To the extent that he seeks to raise the issue of the denial of apportionment of his disability compensation to his mother or his claims for service connection for conditions other than tinnitus, those claims have not been addressed by the Board of Veterans' Appeals and thus were not properly before the Veterans Court.

As in the case of his other claims, Mr. Nyepah's request for the appointment of counsel was not properly before the Veterans Court, because he has no appeal pending in that court.  To the extent that his petition before that court is treated as a petition for a writ of mandamus, he has failed to satisfy the exacting requirements for obtaining

mandamus relief, which include the requirement that the petitioner demonstrate a clear and indisputable right to the writ and show that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004).

The Veterans Court's ruling that it lacks authority to appoint counsel was consistent with that court's prior precedent, *see Henderson v. Brown*, 10 Vet. App. 272, 278 (1997), and Mr. Nyepah has not pointed to any regulatory, statutory, or constitutional authority to the contrary. *See, e.g.*, *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012) (holding that a claimant for veterans' benefits does not have a due process right to the effective assistance of counsel); *Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (no constitutional right to the assistance of counsel in civil cases not involving the risk of loss of liberty). We therefore reject Mr. Nyepah's contention that the Veterans Court erred by not appointing counsel for him.

No costs.

**AFFIRMED**