Citation Nr: 1220802 
Decision Date: 06/14/12 Archive Date: 06/22/12

DOCKET NO. 09-11 309 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for sleep apnea.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Peters, Associate Counsel


INTRODUCTION

The Veteran had active duty service from May 1967 to June 1993.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO), which denied service connection for sleep apnea. The Veteran timely appealed that decision.

The Veteran initially indicated that he wished hearing before a Veterans Law Judge in his March 2009 substantive appeal, VA Form 9; however, in an April 2009 correspondence, the Veteran withdrew his request for a hearing. The Board will accordingly proceed to appellate review of the Veteran's claim without the benefit of a hearing in this case.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Review of the claims file indicates that the Veteran has been diagnosed with mild obstructive sleep apnea. The Veteran's service treatment records are void of any complaints of, treatment for, or diagnosis of any sleep apnea or sleep disorder in service; moreover, the Veteran consistently reported not having any trouble sleeping throughout his period of service during his periodic examinations, in his reports of medical history, particularly on his separation examination in March 1993. 

However, the Veteran stated, both in his September 2008 notice of disagreement and March 2009 statement submitted with his substantive appeal, VA Form 9, that he "had no idea what was causing my sleep problem [during service] until doing my own research. It is a fact that certain illness[es] take[] years before one may know how or why it is happening." On the basis of these statements and the fact that the Veteran has been diagnosed with sleep apnea, the Board finds that a reasonable possibility has been raised of a relationship to service, which triggers VA's duty to provide the Veteran an examination; a remand is necessary in order to afford him that examination. See 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet App. 79, 81 (2006); see also Duenas v. Principi, 18 Vet. App. 512 (2004).

Ongoing private and VA treatment records should also be obtained. See 38 U.S.C.A. § 5103A(b), (c); 38 C.F.R. § 3.159(b); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim). 

Accordingly, the case is REMANDED for the following action:

1. Obtain any relevant VA treatment records from the Fayetteville VA Medical Center, or any other VA medical facility that may have treated the Veteran, since May 2008 and associate those records with the claims file.

2. Ask the Veteran to identify any private treatment that he may have had for his sleep disorder since discharge from service and which is not already of record. After securing the necessary release forms, attempt to obtain and associate those identified private treatment records with the claims file. If those identified records cannot be obtained and further attempts would be futile, such should be noted in the claims file and the Veteran should be so notified so that he can make an attempt to obtain those records on his own behalf.

3. Schedule the Veteran for a VA examination to determine whether any current sleep disorder is related to service. The claims file must be made available to and be reviewed by the examiner in conjunction with the examination. All tests deemed necessary should be conducted and the results reported in detail.

Following review of the claims file and examination of the Veteran, the examiner should identify any sleep disorder found, including mild obstructive sleep apnea. The examiner should then opine whether the Veteran's sleep disorder, including mild obstructive sleep apnea, more likely, less likely or at least as likely as not (50 percent or greater probability) began in or is the result of military service. 

The examiner should specifically discuss the Veteran's service treatment records which do not demonstrate any complaints of, treatment for, or diagnosis of any daytime tiredness, trouble sleeping or sleep apnea; in fact, such symptoms were specifically denied throughout the treatment records, including the Veteran's separation examination in March 1993. 

The examiner should also address the length of time from discharge from service until the Veteran's complaints of daytime tiredness in May 2008 and subsequent diagnosis of sleep apnea in August 2008. The examiner should finally discuss any lay evidence from the Veteran, including that such symptomatology associated with his sleep apnea, such as snoring, began during service. 

All opinions must be accompanied by a clear rationale. If the examiner opines that any of the above questions cannot be resolved without resorting to speculation, then a detailed medical explanation as to why this is so must be provided.

4. Following the above development, the RO/AMC should review the claims file and readjudicate the Veteran's claim of service connection for sleep apnea. If the benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
KELLI A. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).