Citation Nr: 1542427 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 09-38 139 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to an initial rating in excess of 30 percent prior to February 23, 2010, for service-connected posttraumatic stress disorder (PTSD).

2. Entitlement to a rating in excess of 50 percent from February 23, 2010, for service-connected PTSD.


REPRESENTATION

Appellant represented by: Robert Chisholm, Attorney


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

James R. Springer, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1968 to October 1969.

This matter comes before the Board of Veterans' Appeal (Board) on appeal from a November 2007 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

In May 2013, the Veteran testified before the undersigned Veterans Law Judge via video conference; a transcript of the hearing is associated with the Virtual VA claims file. In July 2013, the Board remanded the present claim, as well as a number of other issues for additional evidentiary development. Among those other claims was the claim of entitlement to a TDIU due to the Veteran's service-connected PTSD, which the Board found had been raised by the record. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009).

Following that development, in a June 2014 decision, the Board denied the Veteran's claim for a higher rating. The Board also remanded a number of other issues. Thereafter, he appealed the Board's June 2014 decision to the United States Court of Appeals for Veterans Claims (Court). Pursuant to a Joint Motion for Remand (JMR), the Secretary and the Veteran's attorney limited the appeal to the issues of an initial rating in excess of 30 percent for the Veteran's service-connected PTSD prior to February 23, 2010, and an initial rating in excess of 50 percent for the Veteran's service-connected PTSD from February 23, 2010. In March 2015, the Court remanded these issues to the Board pursuant to the terms of the JMR.

As noted in the preceding paragraph, the Board remanded a number of issues in the June 2014 decision. Among those issues was entitlement to a TDIU due to the Veteran's service-connected PTSD. The Board notes that, as the AOJ (Agency of Original Jurisdiction) has not completed the development requested in the June 2014 remand, those issues are not presently before the Board.

In August and September 2015, in connection with the Veteran's claim for entitlement to a TDIU, additional evidence was added to the record, to include the Veteran's Social Security Administration (SSA) records, a letter from the Veteran's VA psychiatrist, and lay statements from the Veteran. There is no indication that the Veteran has waived AOJ consideration of this newly submitted evidence. As this new evidence is pertinent to the Veteran's claim for a higher rating for his service-connected PTSD, this additional evidence must be considered by the AOJ before further appellate review may be undertaken. See 38 C.F.R. § 20.1304 (2015).

The Board notes that, at the time of the Board's June 2014, the Veteran's representative of record was Disabled American Veterans (DAV). Following the March 2015 JMR, the Veteran was sent a letter informing him that, pursuant to 38 C.F.R. § 20.1304, he would be granted a period of 90 days following the mailing of the notice that his appeal had been transferred to the Board or until the date an appellate decision was promulgated by the Board, whichever comes first, during which he could submit a request for a change in representation. That same month, AOJ received a signed VA Form 21-22a, appointing the private attorney listed on the title page as the Veteran's representative. Subsequently, in August 2015, the Veteran submitted a VA Form 21-22, revoking the March 2015 VA Form 21-22a, and reappointing the DAV as the Veteran's representative for his present and future claims for any and all benefits from VA. If a request to change representatives is dated after 90 days from the date of certification to the Board, the appellant must show good cause for the change. If good cause is not shown, the request for a change in representation will be referred to the AOJ upon completion of the Board's action on the pending appeal without action by the Board concerning the request. The Veteran has not shown good cause for his request in a change of representation; thus, the private attorney remains the Veteran's representative in this case at this time, and the request to change representation is referred to the AOJ. Nevertheless, the Board finds that the Veteran is not prejudiced, as the Veteran's claim is being remanded for further development, at which time, the AOJ can effectuate the change in representation.

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

As noted in the Introduction, following the issuance of the November 2013 supplemental statement of the case (SSOC), new evidence was added to the Veteran's VBMS electronic file, including SSA records, including an April 2013 letter from the Veteran's VA psychiatrist, and the Veteran's lay statements. Neither the Veteran nor his representative indicated that they wished to waived AOJ consideration of this newly submitted evidence. Without such waiver of AOJ consideration, the Board may not proceed to adjudicate the Veteran's claim. Accordingly, the Veteran's claim must be remanded for the issuance of a SSOC. 38 C.F.R. § 20.1304 (2015).

Finally, a review of the record shows VA treatment records dated through August 2014. Since the Veteran's claim is being remanded, the AOJ should ensure that the most current and relevant VA treatment records are obtained. Bell v. Derwinski, 2 Vet. App. 611 (1992). Additionally, the Veteran should be provided the opportunity to identify any additional records that are relevant to his claim, and to provide the necessary information in order for the VA to assist him in obtaining these potentially relevant records. See 38 C.F.R. § 3.159(c) (2015).



Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Make arrangements to obtain a complete copy of the Veteran's VA treatment records related to his PTSD. The record currently reflects VA treatment records dated through August 2014.

2. The Veteran should also be given an opportunity to identify any additional healthcare providers who have treated her for his PTSD. After securing any necessary authorizations from him, obtain all identified treatment records. All reasonable attempts should be made to obtain any identified records. 

3. If any records, either VA or non-VA records, cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

4. After the foregoing, review all of the newly submitted evidence in the Veteran's claims file pertaining to his claim for a higher rating for his service-connected PTSD. If any newly acquired evidence shows an increase in disability since the September 2013 VA examination, an additional examination should be scheduled. If the determination remains unfavorable to the Veteran, issue a SSOC, and provide the Veteran and his representative a reasonable period of time in which to response before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MARJORIE A. AUER 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).