Citation Nr: 1702626 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-03 910 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for hypertension, to include as due to herbicide exposure, or in the alternative, as secondary to service-connected posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Espinoza, Associate Counsel

INTRODUCTION

The Veteran had active service from February 1968 to January 1970, with additional service in the United States Army National Guard.

This matter comes before the Board of Veterans' Appeals (Board) from a January 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In September 2011, a Travel Board hearing was held before a Veteran's Law Judge who is no longer employed by the Board; a transcript of the hearing is of record. In correspondence dated in January 2013 and received by VA in February 2013, the Veteran initially requested a new Travel Board hearing with a judge currently employed by the Board and that hearing was scheduled for June 6, 2013. However, in June 2013 correspondence, the Veteran's representative, in conjunction with the Veteran, subsequently withdrew this hearing request. Accordingly, the Board considers the Veteran's request for an additional hearing to be withdrawn and will proceed to adjudicate the case based on the evidence of record. 38 C.F.R. § 20.704 (e) (2016).

This case was initially before the Board in March 2012 and February 2013, when the Board, in pertinent part, remanded the claim of entitlement to service connection for hypertension for additional development. The case was again before the Board in March 2015, when the Board, in pertinent part, denied entitlement to service connection for hypertension. 

The Veteran appealed the Board's March 2015 decision to the United States Court of Appeals for Veterans Claims (Court), which in February 2016, granted a Joint Motion for Partial Remand (JMPR) of the parties (VA Secretary and the Veteran), and vacated the Board's decision to the extent that it denied entitlement to service connection for hypertension, and remanded the case pursuant to 38 U.S.C. § 7252 (a) for re-adjudication consistent with the Motion. Pursuant to the February 2016 JMPR, in May 2016, the Board remanded entitlement to service connection for hypertension as due to herbicide exposure, as herbicide exposure as a theory of entitlement was raised by the February 2016 JMPR, for further development and consideration. The case now returns for appellate review.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

With regard to the Veteran's claim for service connection for hypertension, the Board finds that a remand is required in order to obtain an addendum medical opinion. Specifically, in a December 2016 post remand brief, the Veteran's representative argued, in part, that the Veteran's hypertension was secondary to his service-connected PTSD and provided an excerpt and a citation of an article which associated hypertension with PTSD. There is no medical opinion of record addressing the claim for service connection for hypertension on the basis of as caused or aggravated by service-connected PTSD, thus, a remand is warranted to obtain an opinion on this basis. See El-Amin v. Shinseki, 26 Vet. App. 136 (2013). 

Additionally, in light of the remand, updated VA treatment records should be obtained. The record reflects the Veteran most recently received VA treatment from the North Florida/South Georgia Veterans Health System in May 2016. Thus, on remand, updated VA treatment records from the North Florida/South Georgia Veterans Health System, since May 2016, should be obtained and associated with the claims file. See 38 U.S.C.A. § 5103A (c) (West 2015); 38 C.F.R. § 3.159 (c)(2) (2016). See also Bell v. Derwinski, 2 Vet. App. 611, 613 (1992) (holding that documents which are generated by VA agents or employees are in constructive possession of VA, and as such, should be obtained and included in the record).

Accordingly, the case is REMANDED for the following actions:

1. Obtain the Veteran's updated VA treatment records from the North Florida/South Georgia Veterans Health System, since May 2016, and associate these records with the claims folder. All attempts to obtain these records must be documented in the claims file. The Veteran and his representative must be notified of any inability to obtain the requested documents

2. Obtain a medical opinion from an appropriate VA examiner for the purpose of obtaining an etiological opinion for the Veteran's hypertension as secondary to his service-connected PTSD. The complete record, to include a copy of this remand and the claims folder, must be made available to and reviewed by the examiner in conjunction with the examination.

The VA examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran's hypertension, is proximately due to or chronically aggravated (permanently worsened beyond the natural progression) by his service-connected PTSD.

In rendering the requested opinion, the examiner should specifically consider the excerpt of the article in the December 2016 post remand brief which associated hypertension with PTSD.

If it is determined that an opinion cannot be satisfactorily determined without another clinical examination of the Veteran, such examination should be scheduled with proper notification of such provided to the Veteran.

The term "at least as likely as not" does not mean within the realm of possibility, but rather that the evidence both for and against a conclusion is so evenly divided that it is as sound to find in favor of a certain conclusion as it is to find against it. 

A complete rationale for all opinions expressed must be provided.

3. Finally, after undertaking any other development deemed appropriate, readjudicate the issue on appeal. If the benefit sought is not granted, furnish the Veteran and his representative with a supplemental statement of the case and afford them an opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).