**Glendol R. ROLLINS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–690.**

United States Court of Veterans Appeals.

June 15, 1992.

Before FARLEY, IVERS, and STEINBERG, Associate Judges.

### ORDER

PER CURIAM:

This matter is before the Court on submissions made by the Secretary of Veterans Affairs (Secretary) and appellant on a Rule 10 issue.

On December 4, 1991, the Court issued an order which granted the Secretary's motion for summary affirmance as to appellant's heart and back claims but denied the Secretary's motions to strike that portion of appellant's brief relating to the issue of Post Traumatic Stress Disorder (PTSD), to stay further proceedings, and to dismiss the appeal relating to PTSD. Both parties were directed to review the designation and counter designation of the record and supplement the existing record. The review and supplementation of the record was to have been completed within 45 days of the order.

On January 21, 1992, the Secretary filed a motion for extension of time to February 20, 1992, to file supplemental transmission of the record. The motion was granted. On February 20, 1992, instead of filing a supplemental record, the Secretary filed a motion for an order to show cause on a Rule 10 issue, and to stay further proceedings. In his motion, the Secretary stated that the medical progress notes submitted by appellant, dated January 1985 through October 1990, with the exception of progress notes dated June 1988 through August 1988, should not be included in the record on appeal because they were not a part of appellant's claims file before the Board of Veterans' Appeals (BVA or Board).

Appellant filed a response to the Secretary's motion for an order to show cause on March 6, 1992. In his response, appellant admitted that the records which the Secretary seeks to exclude were not contained in the claims file but, nonetheless, should have been included in the claims file. Appellant requested that the records be included in the record on appeal. In the alternative, appellant requested that the Court order a remand of the matter to the BVA with instructions to remand the case to the Department of Veterans Affairs (VA) Regional Office for incorporation of these records and a supplemental hearing and decision so that the records could be incorporated.

On April 7, 1992, the Court issued an order directing both the Secretary and appellant to file a preliminary record consisting of any record, document, correspondence, etc., which could be construed as a request by appellant, during the most recent VA adjudication process, that the counter-designated documents be considered in the adjudication of appellant's claim by the Department at any level or as a denial of any such request; if no responsive documents were located, the Secretary and appellant were to file a notice attesting to that fact; and the proceedings were stayed pending further order of the Court.

On April 22, 1991, appellant filed his response to the Court's order. Appellant averred that he did not specifically know whether the records in question were submitted and made a part of the record on appeal. He submitted copies of treatment records showing that he attended a PTSD therapy group from 1984 to 1987.

On May 7, 1992, the Secretary filed his response. He also was unable to determine whether the counter-designated documents were ever proffered by appellant and/or rejected during the adjudication process.

The Court finds that the supplemental records show that appellant has clearly participated in a PTSD therapy group conducted at the Little Rock, Arkansas, Veterans' Administration (now Department of Veterans Affairs) Medical Center from 1984 through 1987. The records submitted appear to be notes regarding his participation in the therapy group. However, the Court is unable to determine, from the record currently before it, what relationship, if any, this information may have to appellant's claim for service connection for

an acquired psychiatric disorder, including PTSD.

Upon consideration of the foregoing, it is

ORDERED that the April 9, 1990, BVA decision, which denied entitlement to service connection for an acquired psychiatric disorder, including PTSD, is vacated. The case is remanded to the BVA for further remand to the agency of original jurisdiction and readjudication of appellant's PTSD claim. "A remand is meant to entail a critical examination of the justification for the decision." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). The Court expects that on remand the Regional Office will reexamine the evidence of record and seek any other evidence it feels is necessary in adjudicating appellant's claim. Appellant will be free to submit additional evidence to the Regional Office.