Citation Nr: 1138404 
Decision Date: 10/14/11 Archive Date: 10/19/11

DOCKET NO. 09-41 890 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: Carol Wilson, Attorney


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. Fagan, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1960 to December 1963, and from December 1964 to August 1972.

This appeal comes before the Board of Veterans' Appeals (Board) from a January 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, which denied the benefit sought on appeal.

In July 2011, the Veteran was afforded a Travel Board hearing before the undersigned Veterans Law Judge. 

During his July 2011 Travel Board hearing, the Veteran presented testimony regarding entitlement to an increased rating for service-connected posttraumatic stress disorder (PTSD). The Board observes that in a September 2009 rating decision, the Veteran was granted service connection for PTSD and assigned a 70 percent disability rating. In October 2009, the Veteran filed a timely notice of disagreement with the initial rating assigned for PTSD and, in September 2010, a statement of the case was issued. Thereafter, no timely substantive appeal was filed and the September 2009 rating decision became final. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. §§ 3.160(d), 20.302, 20.1103 (2010). Accordingly, the Veteran's July 2011 testimony is received as a new claim for an increased rating for PTSD.

Additionally, the Board observes that the issue of entitlement to a total disability rating based on individual unemployability (TDIU) has also been raised by the record and at the hearing. However, neither the Veteran's claim for an increased rating for PTSD nor his claim for TDIU have been adjudicated by the by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 

The appeal is REMANDED to the RO via the Appeals Management Center in Washington, D.C. 


REMAND

Although the Board regrets the additional delay in this appeal, it is constrained by the fact that proper adjudication requires further development. 

The Veteran asserts that he suffers from bilateral tinnitus that was incurred in or is otherwise related to his military service. Specifically, the Veteran contends that his tinnitus is the result of noise exposure sustained in service while working as an aircraft mechanic. He also attributes his symptoms to artillery fire in service. Service personnel records show that the Veteran served as an aircraft propeller mechanic during service. Additionally, a hearing conservation data record dated in January 1969 documents noise exposure in service. Specifically, the record notes a history of exposure to gunfire from basic training, heavy arms combat, hunting, and target practice. Therefore, the Board finds that the Veteran's statements regarding noise exposure from aircraft, in the flight line, and from artillery fire are credible, as they are consistent with his service personnel records. 

Service medical records are negative for complaints or clinical findings of tinnitus. However, they do show complaints related to ear problems in May 1972, at which time the Veteran was diagnosed with left otitis media. In July 1972, the Veteran was again treated for an earache and was diagnosed with external otitis. During separation examination in March 1972, the Veteran reported a history of ear trouble described as his ears feeling stopped up on occasion. However, clinical evaluation of the ears was normal at that time and, except for a slight loss in the left ear at 6000 Hertz, hearing acuity was within normal limits bilaterally.

Post-service medical records show private treatment in November 2004 for left ear pain and mild difficulty hearing out of the left ear, diagnosed as serous otitis. However, there were no complaints of tinnitus at that time. During VA treatment in February 2007, the Veteran reported a gradual decrease in hearing ability and intermittent tinnitus bilaterally. It was noted that the Veteran had a positive history of military noise exposure from flight lines and artillery. Tinnitus was diagnosed and the audiologist noted the tinnitus to be consistent with cochlear pathology. Thereafter, in October 2008, the Veteran underwent a private audiological evaluation during which he reported difficulty hearing, intermittent tinnitus in both ears, and occasional dizziness or imbalance when he did not exercise. Following audiometric examination, a mild sensorineural hearing loss in the ear was diagnosed. 

During VA examination in December 2007, the Veteran reported an onset of tinnitus while in the military. He reported a history of noise exposure in the flight line and from artillery, including several episodes of artillery or grenade fire after which he experienced decreased hearing sensitivity and tinnitus. The examiner also noted the Veteran's history of otitis externa noted in the records. Audiometric testing revealed clinically normal hearing bilaterally. Bilateral tinnitus was diagnosed. The examiner opined that it was less likely as not that the Veteran's current tinnitus and bilateral hearing loss were caused by or a result of acoustic trauma. In support of the opinion, the examiner cited to clinical experience and expertise, a review of the claims file, and a 2005 study by the Institute of Medicine.

During an August 2009 VA examination, the examiner noted a history of left external otitis media in the service. The Veteran reported that he had not had a problem with his left ear in the last two years. He did not use any ear treatments. However, if he did not keep his ear clean, he could get a left earache. The examiner also noted that the Veteran had tinnitus. The examiner assessed an episode of otitis externa in service that was currently resolved and not active. No etiological opinion regarding any ear problems was offered.

VA's duty to assist includes a duty to provide a medical examination or to obtain a medical opinion where it is deemed necessary to make a decision on the claims. 38 U.S.C.A. § 5103A(d) (West 2002); 38 C.F.R. § 3.159(c)(4) (2010); Robinette v. Brown, 8 Vet. App. 69 (1995). In a claim for service connection, medical evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision on the merits still triggers the duty to assist if it indicates that the Veteran's condition may be associated with service. McLendon v. Nicholson, 20 Vet. App. 79 (2006) (38 U.S.C.A. § 3.159(c)(4) presents a low threshold for the requirement that evidence indicates that the claimed disability may be associated with in-service injuries for the purposes of a VA examination).

The Board observes that the Veteran has already been afforded a VA examination and etiological opinion with respect to his tinnitus claim, and that the December 2007 VA examiner opined against a finding of nexus between the Veteran's tinnitus and active service. However, the Board finds that the December 2007 VA examiner's opinion is inadequate for rating purposes. Specifically, the examiner did not account for the Veteran's competent lay statements regarding a continuity of tinnitus symptoms since service. Dalton v. Nicholson, 21 Vet. App. 23 (2007) (examination inadequate where examiner did not comment on Veteran's report of in-service injury but relied on absence of evidence in service medical records to provide negative opinion). The Board notes that the Veteran is competent to report tinnitus because that requires only personal knowledge, not medical expertise because it comes to him through his senses. Layno v. Brown, 6 Vet. App. 465 (1994). 

Furthermore, although the December 2007 VA examiner cited the specific bases for the opinion given, the examiner offered no explanation or rationale for the opinion. Sklar v. Brown, 5 Vet. App. 140 (1993). The examiner did not account for the overall decline in hearing acuity documented in the Veteran's service medical records, nor did the examiner account for the slight left ear hearing loss found in the upper frequencies at separation. The Board also notes that while the examiner indicated that the Veteran's tinnitus was less likely as not related to acoustic trauma, the examiner did not offer an opinion as to whether it is at least as likely as not that the Veteran's tinnitus manifested in service, or was related to any other injury, disease, or incident therein, including the Veteran's complaints of ear problems at separation and treatment for otitis.

Because it remains unclear to the Board whether the Veteran's current tinnitus is related to his service, another VA examination and opinion are necessary in order to fairly decide the Veteran's claim. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided). That new VA examination should include a review of all pertinent evidence in the Veteran's claims folder. To ensure a thorough examination and evaluation, his service-connected disability must be viewed in relation to its history. 38 C.F.R. § 4.1 (2010)

Finally, it appears that there may be outstanding VA medical records. The Veteran has reported receiving VA treatment for tinnitus. However, the most recent VA treatment record in the claims file is dated in September 2008. Because there may be outstanding VA records pertinent to the Veteran's claim for service connection, they should be obtained on remand. 38 C.F.R. § 3.159(c)(2) (2010); Bell v. Derwinski, 2 Vet. App. 611 (1992).

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims folder all medical records from the VA Medical Center in Bay Pines, Florida, dated from September 2008 to the present.

2. After the above development has been completed, schedule the Veteran for an audiological examination for the purpose of ascertaining the nature and etiology of the Veteran's tinnitus. The claims folder should be reviewed by the examiner and the examination report should note that review. The examiner should provide a rationale for any opinion expressed and reconcile it with all pertinent evidence of record, including the Veteran's service medical records, which show complaints related to the ears in service, and the December 2007 VA opinion. Additionally, the examiner should consider the Veteran's reports of onset of symptoms in service and a continuity of symptoms since service. Dalton v. Nicholson, 21 Vet. App. 23 (2007). Based upon a review of the claims folder, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran's tinnitus was incurred in or is otherwise related to any aspect of the Veteran's military service, including his exposure to noise from aircraft and artillery fire in service or his treatment for otitis.

3. Then, readjudicate the claim. If action remains adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).