Citation Nr: 1339309 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 12-33 806 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

Entitlement to service connection for a right foot disability, secondary to a service-connected knee disability. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

S.J. Janec, Counsel


INTRODUCTION

The Veteran had active military service from December 1973 to April 1976.

This matter comes before the Board of Veterans' Appeals (Board) from a March 2012 rating decision of the Pittsburgh, Pennsylvania, Regional Office (RO) of the Department of Veterans Affairs (VA) that denied service connection for hallux rigidus of the right foot, secondary to a service-connected left knee disability. 

The appeal is REMANDED to the RO via the Appeals Management Center in Washington, D.C.


REMAND

The Veteran submitted additional evidence directly to the Board in May 2013 without a waiver of RO review as required by 38 C.F.R. § 20.1304 (2013). Notably, the Veteran's representative also did not waive RO review of the evidence in the August 2013 Informal Hearing Presentation. Therefore, the Board finds that a remand is necessary.

Upon VA examination in April 2011, the examiner concluded that it would be speculative to provide an opinion regarding the relationship between the Veteran's left knee disability and hallux rigidus of the right big toe because there were many causes of hallux rigidus. However, the examiner did not comment on whether the Veteran's service-connected left knee disability aggravated the right hallux rigidus. Consequently, the Board finds that the medical evidence is not sufficient upon which to decide the claim and another VA examination is warranted. McLendon v. Nicholson, 20 Vet. App. 79 (2006); 38 U.S.C.A. § 5103A(d) (West 2002); 38 C.F.R. § 3.159(c)(4) (2013). The Veteran is advised that failure to report for a VA examination, without good cause, may have adverse consequences on his claim. 38 C.F.R. § 3.655 (2013). 

Upon remand, ongoing VA medical records should be obtained. 38 U.S.C.A. § 5103A(c) (West 2002); Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim). 

Accordingly, the case is REMANDED for the following action:

1. Obtain any VA medical reports not already of record and associate them with the claims file.

2. After associating all outstanding records with the claims folder, schedule the Veteran for a VA joints examination to determine the nature and etiology of the claimed right hallux rigidus. The examiner must review the claims file and should note that review in the report. The examiner should review the Veteran's service medical records and lay statements. After a thorough review of the Veteran's records and a full clinical evaluation, the examiner should answer the following questions and identify the basis upon which the opinions are based: 

(a) Is it at least as likely as not (50 percent or greater probability) that the Veteran's right hallux valgus or any other right foot disability is proximately due to or the result of the service-connected knee disabilities. 

(b) Is it at least as likely as not (50 percent or greater probability) that the Veteran's right hallux valgus or any other right foot disability is aggravated (permanently increased in severity beyond the natural progress of the disorder) by the service-connected knee disabilities. 

3. Then readjudicate the claim. If the decision is adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the claim to the Board. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).