Citation Nr: 1448529 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 07-12 259 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina



THE ISSUES

1. Entitlement to service connection for asthma.

2. Entitlement to service connection for tinnitus.

3. Entitlement to compensation under 38 U.S.C.A. § 1151 for residuals of a head injury with neck pain.

4. Entitlement to compensation under 38 U.S.C.A. § 1151 for residuals of a back injury.


REPRESENTATION

Veteran represented by: Disabled American Veterans



WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

L. B. Yantz, Counsel


INTRODUCTION

The appellant is a Veteran who had active service from June 24, 1980 to June 26, 1983, which is considered honorable for VA purposes; he also served from June 27, 1983 to March 17, 1989, which is a period of service that is not considered honorable for VA purposes. These matters are before the Board of Veterans' Appeals (Board) on appeal from a January 2007 rating decision of the New York, New York Department of Veterans Affairs (VA) Regional Office (RO), and from a December 2008 rating decision of the Winston-Salem, North Carolina RO. The record is now in the jurisdiction of the Winston-Salem RO. In May 2010, the Board determined that new and material evidence had been received to reopen the claim of service connection for asthma, and the case was remanded on a de novo basis (by a Veterans Law Judge other than the undersigned) for additional development and to satisfy notice requirements. In August 2014, a Travel Board hearing was held before the undersigned (the Veteran testified he desired to limit the hearing to the two § 1151 issues), and a transcript of the hearing is associated with the record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if action on his part is required.



REMAND

On review of the record, the Board has found that further development is needed for VA to fulfill its duties mandated under the VCAA.

At his August 2014 hearing, the Veteran testified that he had received treatment at the VA Medical Centers in Raleigh, North Carolina and Durham, North Carolina from 2010 to 2014, and that records of such treatment were outstanding. The Board notes that the most recent treatment record from either of these VA facilities is dated in July 2011. Any outstanding reports of VA treatment (which may have a bearing on the instant claims) must be secured. See 38 C.F.R. § 3.159; Bell v. Derwinski, 2 Vet. App. 611 (1992).

In addition, with regard to the claim for service connection for asthma, the Veteran underwent a May 2011 VA respiratory examination (pursuant to the Board's May 2010 remand). The VA examiner noted that a review of the Veteran's service treatment records "showed no treatment records for asthma" between June 24, 1980 and June 26, 1983 (the only period of his service which is considered honorable for VA purposes). The examiner then opined that the Veteran's asthma preexisted military service (as evidenced by a May 1980 report of medical history just prior to service entry which noted that he had asthma, with his last asthma attack being at age 17), but that such preexisting asthma was not aggravated by his military service between June 24, 1980 and June 26, 1983. However, the examiner failed to take into account that the Veteran's service treatment records do document five separate instances of treatment for asthma between June 24, 1980 and June 26, 1983 (specifically, in September 1980, July 1981, August 1981, March 1982, and March 1983). As the May 2011 medical opinion was based on an inaccurate factual premise (and is therefore inadequate), a new medical opinion must be obtained on remand.

Furthermore, with regard to the claims for compensation under 38 U.S.C.A. § 1151 for residuals of a head injury with neck pain and for a back injury, the Veteran contends that he injured his head, neck, and back when he slipped and fell on the floor at a VA Medical Center while performing his duties in a compensated work therapy (CWT) program. Specifically, at the time of the incident in July 2007, the Veteran was receiving inpatient treatment (for substance abuse) at the VA Medical Center in Bath, New York while also participating in a CWT program at that facility. According to the evidence of record (including statements from two witnesses to the incident), the Veteran was assigned to wax and strip the floor as part of his CWT program duties, and on July 10, 2007, he slipped and fell while performing such duties due to the slippery substances on the floor. He alleges that VA was negligent not to display signs (or otherwise notify him) that the floor would be slippery. A July 25, 2007 VA treatment record noted that x-rays and an MRI were conducted (of unspecified body parts) and were negative; the reports of such tests are not currently of record and must be secured. In June 2008, the Chief of Staff at the Bath VA Medical Center opined that after the Veteran's fall "onto wet pavement" on July 10, 2007, complete neurological and radiological studies were performed for headache, neck pain, and physical checkup, and that the medical care rendered was all "within the community standard of care." On remand, a VA physician should be asked to provide a medical opinion regarding the nature and etiology of any claimed residuals of the Veteran's July 2007 fall.

Accordingly, the case is REMANDED for the following:

1. The AOJ should ask the Veteran to identify the provider(s) of any additional (records of which are not already associated with the record) treatment or evaluation he has received for his claimed disabilities, and to provide all releases necessary for VA to secure any private records of such treatment or evaluation. The AOJ should obtain complete clinical records of all such treatment and evaluations from all providers identified. The AOJ should also secure copies of the complete clinical records of all VA treatment the Veteran has received for his claimed disabilities, to include all records from the Raleigh and Durham VA Medical Centers from 2010 to 2014, as well as the reports of the x-ray and MRI tests conducted after his July 10, 2007 fall at the Bath VA Medical Center.

2. After the development sought in Instruction #1 is completed, the AOJ should arrange for a respiratory examination of the Veteran to ascertain the nature and likely etiology of his asthma. The entire record must be reviewed by the examiner in conjunction with the examination. Based on review of the record and examination of the Veteran, the examiner must provide an opinion as to whether or not there is any evidence in the record that renders it undebatable from a medical standpoint that the Veteran's asthma (which preexisted his service) was not aggravated by (did not permanently increase in severity during) the Veteran's honorable service from June 24, 1980 to June 26, 1983, or that any such increase was due to the natural progression of the disorder. The examiner should specifically identify any such evidence.

The examiner must explain the rationale for all opinions, citing to supporting factual data and medical literature, as appropriate. The examiner should specifically consider and address the findings outlined in the Veteran's service treatment records (including the five separate instances of treatment for asthma during his honorable service in September 1980, July 1981, August 1981, March 1982, and March 1983).

3. After the development sought in Instruction #1 is completed, the AOJ should arrange for the appropriate examination(s) of the Veteran to ascertain the nature and likely etiology of any claimed residuals of his July 10, 2007 fall at the Bath VA Medical Center. The entire record must be reviewed by the examiner(s) in conjunction with the examination. Any indicated tests or studies must be completed. Based on review of the record and examination of the Veteran, the examiner(s) must provide an opinion as to the following for each diagnosed neck or back disability (to include all such disabilities diagnosed during the period of the current claim):

(a) Identify any diagnosed head/neck and back disabilities diagnosed since the July 2007 fall. 

(b) With respect to each diagnosed head/neck and back disability, is it at least as likely as not (a 50% or better probability) that such disability was caused or aggravated by the July 2007 fall?

(c) If the answer to question (b) is yes, did such disability result from carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on VA's part?

(d) If the answer to question (c) is no, was such disability due to an event not reasonably foreseeable?

The examiner must explain the rationale for all opinions, citing to supporting factual data and medical literature, as appropriate.

4. The AOJ should ensure that all development sought is completed, arrange for any further development suggested by any additional evidence received, and then review the record and readjudicate the claims on appeal. If any benefit sought remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).