Citation Nr: 1546235 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 11-29 726 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Whether new and material evidence has been presented to reopen a claim of entitlement to service connection for a bilateral hip disability.

2. Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Kenneth LaVan, attorney


WITNESSES AT HEARING ON APPEAL

Appellant, Appellant's mother


ATTORNEY FOR THE BOARD

Jebby Rasputnis, Counsel


INTRODUCTION

The Veteran had active service from August 1980 to May 1989. 

This matter was last before the Board of Veterans Appeals (Board), on October 15, 2015, on appeal from a May 2010 rating action by the Regional Office (RO) in Atlanta, Georgia. In the October 15, 2015, Board decision, the matter was denied in part and remanded in part.

ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law or when benefits were allowed based on false or fraudulent evidence. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.904 (2014). 

Subsequent to the Board's October 15, 2015, decision, multiple items of correspondence from the appellant's attorney were uploaded to the electronic record, i.e. VBMS. These documents include an extension request, a request for a copy of a hearing transcript, and several pages of evidence and argument. The date-received stamps on these documents plainly reflect that they were received by VA (although not by the Board) prior to the Board's issuance of the October 15, 2015, decision. See Bell v. Derwinski, 2 Vet. App. 611 (1992).

As the appellant's attorney had submitted an extension request, a document request, and evidence and argument, that were not reviewed by the Board prior to issuance of the October 15, 2015, decision, the Board must vacate that decision. See 38 C.F.R. § 20.904 (a). 

Accordingly, the October 15, 2015, Board decision is vacated.




 ____________________________________________
 JOHN J. CROWLEY
 Veterans Law Judge, Board of Veterans' Appeals