Citation Nr: 1717655 
Decision Date: 05/22/17 Archive Date: 06/05/17

DOCKET NO. 11-29 245 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Providence, Rhode Island


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for right (major) elbow epicondylitis with degenerative arthritis.

2. Entitlement to an initial rating in excess of 10 percent for left (minor) elbow epicondylitis with degenerative arthritis.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Jeremy J. Olsen, Associate Counsel



INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from October 1972 to August 1976 and September 1990 to April 1991. He also served a period of active duty for training from January to May 1987 and had several additional years of inactive service with the Rhode Island Army National Guard/Army Reserve. 

The appeal comes before the Board of Veterans' Appeals (Board) on remand from the United States Court of Appeals for Veterans Claims (Court). The case was originally before the Board on appeal from a September 2010 rating decision of the Providence, Rhode Island Department of Veterans Affairs (VA) Regional Office (RO) that awarded service connection for right (major) elbow epicondylitis and left (minor) elbow epicondylitis, each evaluated as noncompensable, from March 19, 2010. 

In August 2012, the RO recharacterized the Veteran's right and left elbow disabilities to include degenerative arthritis, and increased the evaluation for each elbow to 10 percent, effective August 22, 2012. In a decision issued in June 2015, the Board awarded the Veteran initial increased 10 percent ratings for the right and left elbow disabilities prior to August 22, 2012 and denied initial ratings in excess of 10 percent throughout the appeal period. 

The Veteran appealed that decision to the Court. In April 2016, the Court issued an order that vacated the portion of the June 2015 Board decision that denied initial ratings in excess of 10 percent for right and left elbow disabilities and remanded the matters for readjudication consistent with the instructions outlined in the April 2016 Joint Motion of the parties. 

In June 2016, the Board remanded the claim to the RO for further development, to include the procurement of updated VA treatment records and providing the Veteran with a VA examination.

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless, electronic claims processing systems.
The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action, on his part, is required.

REMAND

Although the Board regrets the additional delay, another remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2016). In addition, where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App 268 (1998).

In its June 2016 remand, the Board instructed the AOJ to schedule an examination to determine the severity of the Veteran's service-connected right and left elbow disabilities. The examiner was asked to delineate all symptomatology, to include whether pain or other factors could limit functional ability during flare-ups. The examiner was asked to estimate the degree of additional range of motion loss due to pain on use or during flare-ups. If such could not be estimated based on the Veteran's description, the examiner was asked to provide an explanation as to why it could not be estimated.

In the resulting June 2016 VA examination report, the examiner concluded that she was unable to estimate whether additional symptoms significantly limited the Veteran's functional ability during flare-ups without resorting to speculation. However, the examiner did not explain why she was unable to do so. 

The Board notes that a VA medical examination is not inadequate merely because the medical examiner states he or she cannot reach a conclusion without resort to speculation. Jones v. Shinseki, 23 Vet. App. 382 (2011). Thus, while VA has a duty to assist a veteran by providing a medical examination in certain situations, that duty does not extend to requiring a VA examiner to render an opinion beyond what may reasonably be concluded from the procurable medical evidence. 

Nevertheless, simply concluding that a medical question could not be resolved without speculation, without providing any explanation why, renders an opinion inadequate. Id. The phrase "without resort to speculation" or use of speculative language in a medical report or opinion should reflect the limitations of knowledge in the medical community at large and not those of a particular examiner. Further, the examiner should clearly identify precisely what facts cannot be determined. Here, there was no explanation as to why the Veteran's reports were not a sufficient basis for making a conclusion about additional impairment during flare-ups.

As a result, the Board finds that an addendum opinion is necessary. See Stegall, supra, at 270 (a remand by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms). When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); see also Bowling v. Principi, 15 Vet. App. 1, 12 (2001) (emphasizing the Board's duty to return an inadequate examination report "if further evidence or clarification of the evidence . . . is essentially for a proper appellate decision"). 

Finally, in its June 2016 remand, the Board instructed the AOJ to obtain the Veteran's VA treatment records from December 2014 to the present and associate them with the record. To date, no additional VA treatment records have been added to the record. Therefore, prior to arranging to obtain further medical opinion in connection with the Veteran's claims, and in order to ensure that all due process requirements are met and the record is complete, the AOJ should undertake appropriate action to obtain and associate with the claims file all outstanding, pertinent VA records.

The Board emphasizes that records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). 

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding, pertinent VA records of evaluation and/or treatment of the Veteran, dated since December 2014. Follow the procedures set forth in 38 C.F.R. § 3.159(c) with regards to requesting records from Federal facilities. All records and/or responses received should be associated with the claims file.

2. After all records have been associated with the claims file, return the file to the VA examiner who conducted the June 2016 VA examination. 

If the June 2016 VA examiner is not available, the record should be provided to an appropriate medical professional so as to render the requested opinion. The need for an additional examination of the Veteran is left to the discretion of the clinician selected to write the addendum opinion.

The examiner is asked to address all symptomatology associated with, and the current severity of, the Veteran's right and left elbow disabilities, including whether pain or other factors could significantly limit functional ability during flare-ups or on repetitive use over a period of time, expressed in terms of the degree of additional range of motion loss due to pain on use or during flare-ups. If such cannot be estimated based on the Veteran's description, the examiner must provide an explanation as to why it cannot be estimated. 

The examiner should consider all evidence of record, including lay statements and medical records. Any opinions offered should be accompanied by clear rationale consistent with the evidence of record.

3. After completing any additional development deemed necessary, readjudicate the issues remaining on appeal.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
L.M. BARNARD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of this appeal. 38 C.F.R. § 20.1100(b) (2016).