﻿Citation Nr: 18132498
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 14-18 271
DATE: September 6, 2018
REMANDED
Entitlement to service connection for a left knee disorder is remanded.
Entitlement to service connection for a respiratory disorder is remanded.
Entitlement to an initial compensable disability evaluation for left elbow strain is remanded.
REASONS FOR REMAND
The Veteran, who is the appellant, had active service from October 2004 to February 2005, March 2005 to March 2006, May 2007 to August 2007, July 2008 to March 2009, and July 2011 to September 2012. He also had service in the National Guard. 
The Veteran appeared at a hearing before the undersigned Veterans Law Judge in July 2018. A transcript of the hearing is of record. 
1. Entitlement to service connection for a left knee disorder is remanded.
As it relates to the claim of service connection for a left knee disorder, the Board notes that in addition to the Veteran testifying in detail as to the circumstances which caused his left knee problems in service at the time of his July 2018 hearing, he has also submitted statements from three individuals who have either known the Veteran since his period of service, and/or served with the Veteran when he reported injuring his left knee. These individuals have noted that the Veteran has continuously reported having pain in his left knee following his in-service left knee injury. 
The Veteran’s testimony and statements from his fellow servicemen were received subsequent to the March 2013 VA examination, at which time a diagnosis of left knee strain was rendered. Given the foregoing, the Veteran should be afforded a VA examination to determine the etiology of any current left knee disorder and its relationship, if any, to his periods of active service. 
2. Entitlement to service connection for a respiratory disorder is remanded.
As it relates to the Veteran’s claim of service connection for a respiratory disorder, to include as an undiagnosed illness, the Board notes that at the time of the July 2018 hearing, the Veteran and his representative both indicated that he had been receiving treatment for, and had been diagnosed with, a respiratory disorder while treating at the VAMC. They indicated that the treatment records had not been associated with the record as of the date of the hearing. The Board notes that it appears that the identified treatment records still have not been associated with the file to date. VA is deemed to have constructive knowledge of documents which are generated by VA agents or employees. Bell v. Derwinski, 2 Vet. App. 611,612-13 (1992). If those documents predate a Board decision on appeal, are within VA's control, and could reasonably be expected to be part of the record, then "such documents are, in contemplation of law, before the Secretary and the Board and should be included in the record." Id. at 613. If such material could be determinative of the claim, a remand for readjudication is in order. Dunn v. West, 11 Vet. App. 462, 466 (1998); see also 38 C.F.R. § 3.159(c)(2).
The Board further observes that one of the bases for the RO’s denial was that the Veteran did not have a respiratory disorder. Based upon the above, the Veteran should be afforded a VA examination to determine the etiology of any respiratory disorder and its relationship, if any, to his period of service. 
3. Entitlement to an initial compensable disability evaluation for left elbow strain is remanded.
As it relates to the claim of an increased evaluation for left elbow strain, the Veteran testified at his hearing that his left elbow disorder had increased in severity. VA is obligated to afford a veteran a contemporaneous examination where there is evidence of an increase in the severity of the disability. VAOPGCPREC 11-95 (1995). Moreover, the Veteran is competent to provide an opinion that his disability has worsened. Proscelle v. Derwinski, 2 Vet. App. 629 (1992). 
Furthermore, the Court has recently held that 38 C.F.R. § 4.59 (2017) creates a requirement that certain range of motion testing be conducted whenever possible in cases of joint disabilities. Correia v. McDonald, 21 Vet. App. 158 (2016). Specifically, the Court concluded that the final sentence of 38 C.F.R. § 4.59 required testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint. Id. A review of the evidence of record reveals that the prior examination regarding the Veteran's service-connected left elbow failed to fully comply with the Court's holding in Correia. As such, remand is required to obtain an adequate examination regarding the Veteran's service-connected left elbow disorder. See Id.; see also Barr, 21 Vet. App. 303.
The matters are REMANDED for the following action:
1. Undertake appropriate development to obtain all outstanding VA and/or private treatment records related to the Veteran's outstanding claims. If any requested records are not available, the record should be annotated to reflect such and the Veteran notified. 
2. Schedule the Veteran for a VA respiratory/lung examination. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. After reviewing the entire claims file, the examiner should respond to the following: (a) Indicate whether the Veteran's documented respiratory symptoms either (i) can be attributed to known clinical diagnoses, or (ii) constitute undiagnosed illness or medically unexplained chronic multisymptom illness pursuant to 38 C.F.R. § 3.317. (b) As to any clinically diagnosed disorder of the respiratory system, opine as to whether it is at least as likely as not (50-percent probability or more) that such disorder was incurred in or aggravated during service, to include as a result of exposure to any environmental hazards in service, including oil fires and smoke from burn pits.
Complete detailed rationale is requested for each opinion that is rendered. 
3. Schedule the Veteran for an appropriate VA examination to assist in determining the nature and etiology of any left knee disorder. The entire record should be made available to the examiner in conjunction with the examination and the examiner should note such review in his/her report. All necessary tests, including x-rays, should be performed. The examiner is requested to offer the following opinion:
Is it at least as likely as not (50 percent probability or greater) that any current left knee disorder had its onset in service or is otherwise related to the Veteran's service?
When rendering this opinion, the examiner must address the Veteran’s contentions, and, also the reports of his fellow servicemen of the Veteran having injured his knee in service and of knee problems since service. 
Detailed rationale should be provided for each opinion that is rendered. 
4. Schedule the Veteran for an updated examination to determine the current nature and severity of his service-connected left elbow strain. In order to comply with the Court's decision in Correia, the examiner must test and record the range of motion for BOTH elbows in active motion, passive motion, weight-bearing, and nonweight-bearing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, then he or she should clearly explain why that is so.
5. Review the claims file. If any development is incomplete, including if the examination report does not contain sufficient information to respond to the questions posed, take corrective action before readjudication. See Stegall v. West, 11 Vet. App. 268 (1998).

 
K. PARAKKAL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD T. S. Kelly, Counsel