﻿Citation Nr: AXXXXXXXX
Decision Date: 05/08/19 Archive Date: 05/08/19

DOCKET NO. 181207-1815
DATE: May 8, 2019

REMANDED

1. Entitlement to an initial compensable disability rating for gastroesophageal reflux disease (GERD) prior to November 22, 2016. 

2. Entitlement to an initial disability rating in excess of 60 percent for GERD from November 22, 2016 through April 6, 2017. 

3. Entitlement to an initial compensable disability rating for GERD since April 7, 2017.

REASONS FOR REMAND

The Veteran served on active duty from March 1970 to October 1971. 

This matter comes before the (Board) on appeal from June 2013 and May 2018 rating decisions of the Department of Veterans Affairs (VA), Regional Office (RO) and Appeals Management Office, respectively, that denied the above claim.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP). This decision has been written consistent with the new AMA framework.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form, received on February 16, 2018. Accordingly, the May 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board in November 2018, addressing only the staged rating cited above, and requested direct review processing.

The May 2018 rating decision reflects that in the Reasons for Decision, an April 7, 2017 VA treatment note indicated that symptoms, or lack thereof, for the Veteran’s service-connected GERD were found. The date of the VA treatment note is currently the effective date for a change to the Veteran’s disability rating. A review of the Veteran’s medical records, however, shows that the most recent VA treatment records associated with the Veteran’s claims file are dated through November 2016; more recent VA treatment records have not been associated with the Veteran’s claims file. These VA records are considered part of the record on appeal since they are within VA’s constructive possession. Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). As these records are potentially probative and are deemed to be constructively of record, and because they are not currently available, they must be obtained. 

The Board would stress that the basis for this remand, in line with AMA/RAMP and the requested direct review processing, is a duty to assist error that existed at the time of the appealed RAMP rating decision and was not prompted by subsequent communication, evidence, or development.

The matter is REMANDED for the following action:

Obtain all outstanding VA treatment records dated from November 2016 through February 16, 2018 (the date VA received the RAMP election form), specifically to include the April 7, 2017 record cited above. 

Any negative response should be in writing and associated with the claims file.

All records obtained pursuant to this request must be added to the claims file. 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A-L Evans, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.