﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190919-32832
DATE: October 31, 2019

ORDER

New and relevant evidence having been received, the appeal for service connection for bilateral hearing loss is to be readjudicated.

New and relevant evidence having been received, the appeal for service connection for lumbar spondylosis with displacement of lumbar intervertebral disc (claimed as back condition) is to be readjudicated.

Entitlement to service connection for bilateral hearing loss is denied. 

REMANDED

Entitlement to service connection for lumbar spondylosis with displacement of lumbar intervertebral disc is remanded.

FINDINGS OF FACT

1. In an unappealed rating decision issued in February 2017, the Veteran was denied service connection for bilateral hearing loss and lumbar spondylosis with displacement of lumbar intervertebral disc.

2. The evidence associated with the claims file subsequent to the February 2017 rating tends to prove or disprove a matter at issue with respect to the claims of entitlement to service connection for bilateral hearing loss and lumbar spondylosis with displacement of lumbar intervertebral disc.

3. The Veteran’s bilateral hearing loss is not etiologically linked to his active duty service. 

CONCLUSIONS OF LAW

1. As the evidence received subsequent to the February 2015 rating decision is new and relevant, the requirements to readjudicate the claim for entitlement to service connection for bilateral hearing loss have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)).

2. As the evidence received subsequent to the February 2015 rating decision is new and relevant, the requirements to readjudicate the claim for entitlement to service connection for lumbar spondylosis with displacement of lumbar intervertebral disc have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)).

3. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1101, 1110; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.385.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Navy from February 1944 to June 1966. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The Veteran submitted a supplemental claim for the issues on appeal in July 2019. On September 9, 2019, the Agency of Original Jurisdiction (AOJ) notified the Veteran of its decision based on the evidence of record up to that date and issued an unfavorable decision with respect to readjudicating the claims for service connection for bilateral hearing loss and lumbar spondylosis. In response to the unfavorable rating decision, on September 19, 2019, the Veteran requested direct review by the Board.

Under its review, the Board will now consider all evidence of record up to September 9, 2019. 

1. New and Relevant Evidence

A claimant may request readjudication of a previously denied claim if new and relevant evidence is presented or secured. VA will readjudicate the claim taking into consideration all of the evidence of record. New evidence means existing evidence not previously submitted to agency decisionmakers. The term “relevant evidence” means evidence that tends to prove or disprove a matter in issue. See 38 U.S.C. § 5108; Pub. L. No. 115-55.

Entitlement to service connection requires: (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the in-service disease or injury and the current disability. 38 C.F.R. § 3.303 (a); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

The Veteran was denied service connection for bilateral hearing loss and lumbar spondylosis in a February 2017 rating decision because the evidence of record did not show that his disabilities were etiologically linked to his service. The Veteran did not timely appeal the February 2017 rating decision, and no new evidence was received within one year. Therefore, that decision is final. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. § 3.156 (b). Service connection for bilateral hearing loss and lumbar spondylosis may now be considered on the merits only if new and relevant evidence has been received since the time of the prior adjudication. 38 U.S.C. § 5108; Pub. L. No. 115-55.

In July 2019, the Veteran submitted a supplemental claim for the issues on appeal. In September 2019, the AOJ issued an unfavorable decision with respect to readjudicating the claims for service connection for bilateral hearing loss and lumbar spondylosis. The Veteran timely requested direct review by the Board and the September 2019 decision did not become final. Therefore, the prior final decision is the February 2017 rating decision. 

Since the final February 2017 rating decision, numerous VA treatment records and VA examinations have been added to the record. The VA treatment records submitted since the prior final decision are cumulative of evidence already of record in that they merely continue to establish the presence of current disabilities, which were already acknowledged in the prior denial. Additionally, the VA treatment records contain duplicative reports of an in-service back injury which were included in the Veteran’s July 2016 claim and of record at the February 2017 denial. The VA examinations, however, include new medical opinions which tend to disprove a matter in issue, nexus. 

Accordingly, the Board finds new and relevant evidence has been presented with respect to the Veteran’s claims of service connection for bilateral hearing loss and lumbar spondylosis. Therefore, the Board may readjudicate the underlying claims.

2. Entitlement to service connection for bilateral hearing loss

As an initial matter, the Board finds that there is no prejudice to the Veteran in the Board adjudicating this claim on the merits. The Veteran has submitted evidence addressing and argument addressing the merits of the claim and what is necessary to substantiate it. All required development was obtained. He has not requested a hearing, and adequate opinions have been provided on the matter. Bernard v. Brown, 4 Vet. App. 384, 394 (1993) (holding that when the Board addresses a question not addressed by the RO, “it must consider whether the claimant has been given adequate notice of the need to submit evidence or argument on that question and an opportunity to submit such evidence and argument and to address that question at a hearing, and, if not, whether the claimant has been prejudiced thereby”).

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. To establish entitlement to service-connected compensation benefits, a veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). Service connection may be granted for any disease initially diagnosed after service when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

Thresholds for normal hearing are between 0 and 20 decibels, and higher thresholds show some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 159 (1993).

Turning to the evidence of record, the Veteran’s service treatment records (STRs) indicate normal hearing on entrance and separation. The Board notes that neither the entrance nor separation examinations included audiograms.

The Veteran received a VA audiological examination in October 2016. The examination revealed puretone thresholds, in decibels, as follows:

 HERTZ 

 1000 2000 3000 4000

RIGHT 80db 105+db 105+db 105+db

LEFT 55db 85db 100db 105+db

Speech recognition testing was deemed inappropriate, and scores were not included. These results indicated that the Veteran’s hearing impairment reached the level of a disability. See 38 C.F.R. § 3.385. The examiner diagnosed the Veteran with bilateral mixed hearing loss and found that the Veteran’s hearing loss was not related to service. In so finding, the examiner reasoned that there was no record of treatment for ear conditions during service. Moreover, the examiner noted that the Veteran’s post-service treatment notes indicated a history of stapedectomy surgery. The examiner explained that although it was highly probably that the Veteran experience hazardous noise in his military occupational specialty, hazardous noise is not related to conditions requiring stapedectomy. As a result, the examiner found that the Veteran’s hearing loss was not related to service. The Board finds the opinion to be probative and supported by sufficient rationale. 

In August 2019, the Veteran was examined by the same examiner. Again, the results indicated that the Veteran’s hearing impairment reached the level of a disability. See 38 C.F.R. § 3.385. The examiner diagnosed the Veteran with bilateral mixed hearing loss and found that the Veteran’s hearing loss was not related to service. The examiner’s rationale mirrored her October 2016 VA opinion. The Board notes that the record does not contain any evidence to contradict the examiners’ findings. In fact, the Veteran has not offered any lay statements regarding the onset of his hearing loss symptoms. 

For the foregoing reasons, the Board finds that the preponderance of the evidence does not support the Veteran’s claim for service connection for bilateral hearing loss. The benefit-of-the-doubt doctrine is therefore not for application, and the claim must be denied. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; see also Fagan v. Shinseki, 573 F.3d 1282, 1287 (Fed. Cir. 2009).

REASONS FOR REMAND

One of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the AOJ for further development instead of immediately deciding them directly. Nevertheless, even under the AMA, the Board still has the duty to remand issues when necessary to correct a pre-decisional duty-to-assist error. See Pub L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802 (a).

The Board finds that the failure of the VA to obtain all available VA treatment records in connection with the Veteran’s claim for service connection for lumbar spondylosis amounts to a pre-decisional duty-to-assist error, as discussed in further detail below.

Service connection for lumbar spondylosis with displacement of lumbar intervertebral disc 

The Veteran’s July 2016 claim chronicles his treatment history for back pain at VA hospitals in Tennessee, Arizona and Florida from 1946 to 1990. The Board notes that neither the records referenced by the Veteran nor formal findings of unavailability are associated with the file. Accordingly, there may be outstanding VA treatment records which may contain information and evidence relevant to the Veteran’s claims. To ensure that there is an adequate record upon which to decide the Veteran’s claims, a remand is necessary to obtain a complete copy of all VA treatment records. See Bell v. Derwinski, 2 Vet. App. 611 (1992). Additionally, he should be given the opportunity to identify any additional private treatment records that are relevant to his claims, and to provide the necessary information in order for the VA to assist him in obtaining these potentially relevant records. See 38 C.F.R. § 3.159 (c).

The matters are REMANDED for the following action:

1. Contact the Veteran and request that he identify the names, addresses, and approximate dates of treatment for all VA and non-VA health care providers who have treated his low back disability. The Veteran should be requested to sign any necessary authorization for release of medical records to VA, and appropriate steps should be made to obtain any identified records. 

2. Contact the appropriate VA Medical Center and obtain and associate with the claims file all outstanding records of treatment. Specifically, the record indicates that the Veteran’s low back was treated at multiple VA facilities from 1946 to 1990. Efforts should be made to obtain all available VA treatment records. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified, and this should be documented for the record. Required notice must be provided to the Veteran and his representative.

3. After completing the foregoing development, the AOJ should refer the Veteran’s claims file to a suitably qualified VA examiner for a medical opinion as to the nature and etiology of low back disabilities. The examiner should review the entire claims file, including a copy of this remand and acknowledge such review. A physical examination is only needed if deemed necessary by the VA examiner.

The examiner should also opine as to whether it is at least as likely as not (50 percent probability or greater) that any identified disability of the lumbar spine manifested in or is otherwise causally or etiologically related to his military service, to include any symptomatology therein. 

The Veteran is competent to attest to matters of which he has first-hand knowledge, including events that occurred during service and observable symptoms. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

A clear rationale for all opinions must be provided and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

(Continued on the next page)

4. After undertaking any other development deemed appropriate, the AOJ should re-adjudicate the issues remaining on appeal. 

 

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.